# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NINA AGDAL,
*Plaintiff*

V.

**SUMMONS IN A CIVIL CASE**

DILLON DANIS,
*Defendant*

CASE NUMBER: 2:23-CV-16873-MCA-MAH

TO: *(Name and address of Defendant):*  Dillon Danis

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Joseph B. Shumofsky, Esq.
Sills Cummis + Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102
jshumofsky@sillscummis.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**CLERK OF COURT**



ISSUED ON 2023-09-06 16:55:06, Clerk
USDC NJD

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me(1) | DATE 9/16/2023 |
| NAME OF SERVER (PRINT) Edsel Robinson | TITLE Private Investigator |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: **See Attached** ; or

☐ Left the summons at the individual's residence or usual place of abode with (name): _____ a person of suitable age and discretion who resides there, on (date): _____ and mailed a copy to the individual's last known address; or

☐ Name of person with whom the summons and complaint were left: _____ ; or

☐ Returned unexecuted: _____ ; or

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| $450.00 | $10,419.34 | $10,869.34 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   09-18-2023
                     Date

Signature of Server

261 W 35th Street Suite 400, NY NY 10001
Address of Server

My name is Edsel Robinson. I am over the age of 18. I am an investigator who works for Sage Intel Group, LLC ("Sage") and I have personal knowledge of the events described herein.

On or about September 7, 2023, Sage was retained to personally serve the subject Dillon Danis with case-initiating Court documents in the matter of *Nina Agdal v. Dillon Danis*, Case No. 23-CV-16873-MCA-MAH (D. N.J.).

Upon being retained, Sage ran a background report and learned that Mr. Danis likely resides in an apartment complex called Hudson House, which is located at 315 15th St., Jersey City, NJ 07310.

Sage also learned from Mr. Danis's social media posts that he has been training for an upcoming boxing match at a gym called CULTR Fight Club ("CULTR"), which is attached to the same building as Hudson House.

Sage made multiple service attempts at this location between Thursday, September 7, 2023, and Friday, September 15, 2023. Mr. Danis has publicly acknowledged that he purposefully avoided those service attempts.

For example, in the course of the first such attempt, on September 7 at approximately 3:44 p.m. EST, Mr. Danis posted to his X (formerly Twitter) account a picture of Sage investigators outside of CULTR. In that post, Mr. Danis wrote, "Not gonna serve me today losers."

During those unsuccessful service attempts, however, Sage was able to confirm with the Hudson House concierge that Mr. Danis resides at that address. Mr. Danis independently confirmed the same by posting to his X account security camera footage of a Sage investigator leaving Court documents outside the front door of his apartment. In that post from September 7 at approximately 6:13 p.m. EST, Mr. Danis wrote, "Get the fuck away from my front door taking pictures and shit . . . ."

On Saturday, September 16, 2023, another investigator named Oscar Tenesaca and I were assigned to again attempt to serve Mr. Danis with the following Court documents:

1. Verified Complaint and Demand for Jury Trial [D.E. 1]
2. Clerk-issued Summons [D.E. 2]
3. Plaintiff's Memorandum of Law in Support of Motion for Temporary Restraining Order [D.E. 1-2]
4. Plaintiff's Proposed Order to Show Cause [D.E. 1-1]
5. Order to Show Cause [D.E. 7]
6. Plaintiff's Certificate of Service [D.E. 9]
7. Letter Order adjourning Show Cause hearing [D.E. 10]
8. Plaintiff's Certificate of Service [D.E. 11]
9. Plaintiff's Notice of Commencement of Litigation

At approximately 8:00 a.m. EST on September 16, Mr. Tenesaca and I arrived at Hudson House and obtained a surveillance position at the main entrance of the building, from which we could also see the main entrance to CULTR.

At approximately 1:04 p.m. EST, we observed Mr. Danis exiting CULTR and walking toward the Hudson House entrance with two unknown males. Mr. Danis was identifiable from his facial features and sleeve tattoos. He was wearing a black graphic t-shirt, baby blue shorts, and white sneakers.

I approached Mr. Danis and attempted to serve him with the above-referenced Court documents but he refused to physically take possession of the documents and continued walking past me.

Mr. Danis claimed that he was not Dillon Danis, and I told him that I knew it was him. I identified myself as a process server and informed him he had to take the documents and that this interaction had been documented. A video of the interaction is available here:



As he approached the entrance to Hudson House, Mr. Danis told me I "can't come in [his] building." He proceeded to ask the Hudson House staff not to let me inside.

Near the entrance of Hudson House, I placed the documents at Mr. Danis's feet. He ignored them and continued walking further into the building.

Moments later, an unknown female that appeared to be in her late 40s or early 50s picked up the documents and attempted to hand them to Mr. Danis. Mr. Danis refused to acknowledge her, as well, and he continued walking. The female then handed the documents to the front desk staff of the Hudson House.

Mr. Tenesaca and I approached the front desk staff and informed them that the documents were for Mr. Danis and that he had refused to take them. The front desk responded that we were not allowed into the facility and that they would provide the documents to Mr. Danis.