UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NINA AGDAL,<br><br>*Plaintiff*,<br><br>v.<br><br>DILLON DANIS,<br><br>*Defendant.* | Civil Action No. 23-16873<br><br>ORDER |

**THIS MATTER** comes before the Court on Plaintiff Nina Agdal's Motion for Temporary Restraining Order, ECF No. 1-2;

and it appearing that in its September 7, 2023, Order, the Court ordered that, pending the good cause hearing and further Order of the Court, Defendant and all persons in active concert or participation with him are preliminarily enjoined from posting sexually explicit photographs of Plaintiff on the internet without her consent, in violation of 15 U.S.C. § 6851 (the 2022 Violence Against Women Act Reauthorization) and N.J. Stat.§ 2A:58D-1, ECF No. 7 (the "September 7th Order");

and it appearing that the Court further ordered that "failure to attend the show cause hearing shall result in the immediate issuance of the preliminary injunction, which shall be deemed to take effect immediately upon the expiration or dissolution of [the September 7th Order], and shall remain in full force and effect while this suit is pending," ECF No. 7 at 2;

and it appearing that Defendant failed to attend the September 19, 2023, show cause hearing;

and it appearing that Defendant has not filed any opposition to Plaintiff's application for Order to Show Cause, nor has made a formal appearance in this action, see generally Docket, No. 23-16873;

and it appearing that the Court ordered Plaintiff to serve Defendant a copy of the September 7th Order, Summons, Verified Complaint, supporting Declarations, and Memorandum of Law immediately, via personal service, email, and mail service and to file a certificate of service with the Court, ECF No. 7 at 2;

and it appearing that Plaintiff attempted service multiple times, as described in ECF Nos. 9, 11, and 12;

and it appearing that, after the first service attempt, on September 7, 2023, at approximately 3:44 p.m. EST, Defendant posted a picture of investigators attempting to serve him with the caption, "[n]ot gonna serve me today losers," to his X (formerly Twitter) account, ECF No. 9;

and it appearing that Defendant also evaded service on September 16, 2023, when a process server identified himself to Defendant as he was walking to an apartment building that the process server understood to be Defendant's residence, see ECF No. 12;

and it appearing that Defendant claimed he was not Mr. Danis, despite his identifiable features, id.;

and it appearing that the process server placed the documents at Defendant's feet because Defendant refused physically to take possession of the documents, id.;

and it appearing that the documents were also provided to the front desk of Defendant's residence, id.;

and it appearing that the Federal Rule of Civil Procedure 4 allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," FED. R. CIV. P. 4(e)(1);

and it appearing that, according to New Jersey law, "service may validly be made upon a person who misidentifies himself and refuses to accept the process," Peoples Trust Co v. Kozuck, 98 N.J. Super. 235, 239 (Law Div. 1967); see also id. ("[A] person within the jurisdiction has an obligation to accept service of process when service is attempted reasonably,");

and it appearing that, according to New Jersey law, "[i]f service cannot be made by any of the modes provided by [N.J. Ct. R. 4:4-4], any defendant may be served as provided by court order, consistent with due process of law," N.J. Ct. R. 4:4-4(b)(3);

and it appearing that the Court is satisfied Defendant has proper notice of this action consistent with due process of law;

and it appearing that "[a] party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief," Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004);

and it appearing that, after reviewing Plaintiff's Verified Complaint, supporting Declarations, and Memorandum of Law, the Court finds that Plaintiff is likely to succeed on the merits, given Defendant's unauthorized disclosure of a nonconsensual, sexually explicit photograph of Plaintiff;

and it appearing that Plaintiff will suffer irreparable emotional distress and reputational harm if Defendant continues to post such photographs on the internet;

and it appearing that Defendant will not suffer harm as a result of the ordered restraints;

and it appearing that it is in the public interest to prevent Defendant from posting nonconsensual, sexually explicit photographs of Plaintiff;

**IT IS** on this 20th day of September, 2023,

1. **ORDERED** that, as of September 16, 2023, service of Plaintiff's Verified Complaint and other relevant court documents, see ECF No. 12 at 3, has properly been effectuated upon Defendant; Plaintiff's counsel shall provide notice of this Order to Defendant via (1) mail service and (2) email or message via social media;

2. **ORDERED** that, until further Order of the Court, Defendant and all persons in active concert or participation with him are enjoined from posting sexually explicit photographs of Plaintiff on the internet without her consent, in violation of 15 U.S.C. § 6851 (the 2022 Violence Against Women Act Reauthorization) and N.J. Stat.§ 2A:58D-1; and it is further

3. **ORDERED** that, in accordance with Federal Rule of Civil Procedure 65(c), the movant gives security in the amount of $100 to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

/s Madeline Cox Arleo
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

4