```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
 _____

 NINA AGDAL,
                                       CIVIL ACTION NUMBER:
          Plaintiff,
 vs.                                   2:23-cv-16873-MCA-MAH

 DILLON DANIS,                         ORDER TO SHOW CAUSE

          Defendant
 _____
 MARTIN LUTHER KING BUILDING & U.S. COURTHOUSE
 50 Walnut Street
 Newark, New Jersey  07101
 September 19, 2023
 Commencing at 2:11 p.m.



 B E F O R E:     THE HONORABLE MADELINE COX ARLEO,
                  UNITED STATES DISTRICT JUDGE



 A P P E A R A N C E S:

 SILLS CUMMIS & GROSS, PC
 BY:  JOSEPH B. SHUMOFSKY, ESQUIRE
 One Riverfront Plaza
 Newark, New Jersey 07102
 For the Plaintiff




              Diane DiTizii, Official Court Reporter
                         973-776-7738
                diane.ditizii@njd.uscourts.gov

 Proceedings recorded by mechanical stenography; transcript
          produced by computer-aided transcription
```

1   (PROCEEDINGS held in open court before the Honorable MADELINE
2   COX ARLEO, United States District Court Judge at 2:11 p.m.)
3           THE COURT:  All right.  Good afternoon.
4           MR. SHUMOFSKY:  Good afternoon.
5           THE COURT:  Alrighty.  This is a return date of an
6   order to show cause in the matter of *Nina Agdal versus Dillon
7   Danis*.
8           Can I have appearances, please?
9           MR. SHUMOFSKY:  Good afternoon, Your Honor.  Joseph
10  Shumofsky from Sills Cummis & Gross on behalf of Plaintiff,
11  Nina Agdal.
12          THE COURT:  Okay.  So just by way of background, this
13  came to me on an application for a temporary restraining order
14  and I -- after reading the papers and considering the
15  application, I entered an order as follows:  I ordered
16  Mr. Danis to show cause.  This was on September 7th.
17          I should say I also directed that effort -- through
18  staff, that all efforts be made to personally serve the
19  defendant, and that there was -- Plaintiff gave notice that a
20  copy of the pleadings had been emailed to his manager.  And on
21  reviewing the verified complaint and the declarations of
22  Ms. Agdal and others, I was satisfied that there was a basis to
23  enter a temporary restraint, a narrow one.  And that's set
24  forth in the September 7th order.  And the temporary restraint
25  is until further order of the Court.

1            He's precluded from -- enjoined from posting sexually
2  explicit photos of Plaintiff on the internet without her
3  consent in violation of Federal statute 15 U.S.C. 6851, and the
4  State statute, N.J.S.A. 2A:58D-1.
5            And a couple of things happened since that time.
6  One, I have a certificate of service that was filed by
7  Plaintiff.  It appears that on the same date that I entered
8  this order, that attempt of service was made.
9            And it's set forth -- I'm just reading from the
10 Plaintiff's certificate of service that was electronically
11 filed -- that an investigator from a company called the Sage
12 Investigative Group [sic.] tried to effect personal service
13 upon Mr. Danis in his home; set forth in the -- we'll talk
14 about that in a minute -- the affidavit of the process server
15 that it appeared he was evading service by posting it on social
16 media, as well as by his conduct and the video that was
17 provided to the Court.  And that a second attempt was made --
18 made multiple times but on the 7th and again on September 12th.
19           And again, that is laid out in the affidavit of the
20 process server, a detective by the name of Ed Washington --
21 Robinson, rather.
22           So today's the return date of the order to show cause
23 why the Court should not enter permanently those restraints
24 that I ordered temporarily on September 7th.
25           I'll hear from Plaintiff's counsel.

1           I could tell you I'm inclined to enter them.  There's
2   no opposition.  I was satisfied the temporary restraint should
3   apply, and I am even more convinced now that there was good
4   service on the Plaintiff.
5           Defendants can't play games with the Court.  Service
6   is not a game.  Service is about due process and notice, and
7   I'm satisfied under the authority under the State case law that
8   this was good service, both attempts, by leaving a copy at his
9   door, by trying to hand it to him and him running away; posting
10  it on social media, as per the sworn certification which stands
11  uncontested that he actually posted on social media on the 7th,
12  "Not gonna serve me today losers."  He tried to hand him the
13  documents; he wouldn't take possession.  Another woman tried to
14  hand it to him; he wouldn't take it.  It was left with the
15  person -- the concierge at his building.
16          That is -- that is appropriate service under the
17  State rule, which is incorporated by the Federal rule.  So I'm
18  satisfied that he's been served.  You've gone above and beyond
19  to serve him and he has purposely appeared to be avoiding
20  service.  And this is not a game.  This is Federal court.  We
21  don't play games here.  So I'm satisfied service was
22  appropriate.
23          This application was unopposed back on September 7th.
24  I entered temporary restraints.  There's absolutely no reason
25  why I wouldn't continue these restraints.

1           Anything else you want or you want to be heard on,
2   counsel?
3           MR. SHUMOFSKY:  No, Your Honor.  I think you've
4   summarized it well with respect to the attempts that were made
5   on the 7th and the 12th, and ultimately service in person on
6   him on the 16th as reflected in the documents filed.
7           With respect to a couple of matters, one is you had
8   indicated in your order of September 7th that if there was --
9   failure to attend at the show cause hearing would result in you
10  issuing an immediate issuance of preliminary injunction.  So
11  I'm just inquiring.  We're fine with the temporary restraints
12  being in place -- continuing to be in place for a period.
13          THE COURT:  I will continue them until further order
14  of the Court.
15          Here's the one distinction.  I looked at the
16  complaint again.  There's two counts under the Federal statute
17  that I referenced and the State statute, and that clearly bars
18  the defendant from posting sexually explicit photographs of the
19  Plaintiff on the internet without her consent.  Certainly, it
20  looks like, my reading of the State statute, it's a little bit
21  more encompassing about what can and cannot be posted.
22          In any event, that will be continued.
23          The second issue that you had asked for is number
24  two, posting content in any way depicting or portraying
25  Plaintiff that Defendant knows or has reason to believe was

1  never meant to be shared publicly.
2           I am not convinced, either by the brief that you gave
3  me or by anything I've seen, that that violates those two
4  narrow statutes that talks about sexually explicit images.  So
5  I'm not -- absent a second application from you or an amended
6  complaint, I'm not inclined to continue restraints beyond what
7  I've previously entered.
8           MR. SHUMOFSKY:  Understood, Your Honor.
9           The one additional issue would be with respect to --
10 since the restraint are in place -- any necessity to post a
11 bond.  And to the extent that that would be required here,
12 Plaintiff doesn't think it would be necessary considering we
13 don't think this is monetarily impacting the defendant.  We
14 don't think he has any, you know, need or interest in having to
15 post sexually explicit pictures of my client.  But to the
16 extent were things otherwise, we'd ask for something very
17 nominal be put in place.
18          THE COURT:  Remind me what the bond statute says.
19          MR. SHUMOFSKY:  With respect to Rule 65, it talks
20 about that -- you know, it talks about when a preliminary
21 injunction is in place, we're sort of in this in-between state
22 considering he's missed a show cause hearing at least once,
23 potentially, if you look at it, twice.  And it says that the
24 Court may impose a preliminary injunction, but the movant must
25 give security in the amount the court considers proper, in the

1 case that -- it's 65C, Your Honor -- in the case that the
2 restraints are put in improperly and damaged the defendant.
3     Here, we think that there's no damage to the
4 defendant, considering he has no interest in posting sexually
5 explicit photographs of my client on the internet.
6     One thing we laid out in the complaint, also in our
7 papers, was the extent that he claimed on his post that this
8 was related to other things.  You know, those other things had
9 nothing to do with my client.  But to the extent that this
10 Court thinks there's any necessity now or in the future for
11 Plaintiff to impose some type of security, we would ask for
12 something very nominal, $500, just to fulfill the requirement.
13 But we don't think it's necessary and can be waived in this
14 case.
15     THE COURT:  Here's the thing.  The rule says "must"
16 and "shall."  So I'd rather put a nominal -- I can't imagine --
17 the purpose of a bond is if restraints were wrongfully placed.
18 Shut down a business.  Enjoined someone from not working in a
19 particular location.
20     This is different.  This is -- this is a defendant
21 who is willfully evading service, who is posting nude pictures
22 without consent of your client.  I can't imagine what damages
23 he would ever potentially suffer from being enjoined from doing
24 that, engaging in that conduct.
25     So to the extent that -- so if I continue the

1   restraints, I'm effectively preliminarily enjoining him.  So I
2   am going to condition security on $100 bond --
3            MR. SHUMOFSKY:  Thank you, Your Honor.
4            THE COURT:  -- that you can post in the clerk's
5   office just so that that can be raised at a later date.  Okay?
6            MR. SHUMOFSKY:  Very good, Your Honor.
7            THE COURT:  That's more than sufficient.
8            And if you can submit to me a final order -- or I can
9   do it.  We can do it here.  We have it already on our system.
10  Right?  It's already done.
11           Are there any other applications?
12           MR. SHUMOFSKY:  Not right now, Your Honor.  Thank you
13  very much.
14           THE COURT:  What about, do you want to proceed with
15  civil discovery?  Do you want to go see Judge Hammer?
16           He's been served now; so you can move for default at
17  the appropriate time.
18           MR. SHUMOFSKY:  October 10.
19           THE COURT:  Any conversations with counsel for
20  Mr. Danis?
21           MR. SHUMOFSKY:  Nothing whatsoever.  The Court's
22  aware of all communications, including that video that we've
23  had any communications through the process server.  October
24  10th is the date that --
25           THE COURT:  I'm going to put in my order that I'm

```
 1   going to deem service effectuated at the latest, to give him
 2   the benefit of the doubt, by -- on September 16th.
 3             MR. SHUMOFSKY:  Thank you, Your Honor.
 4             THE COURT:  And then all the dates will flow from
 5   that.
 6             MR. SHUMOFSKY:  Very good.  Thank you, Your Honor.
 7             THE COURT:  Thank you.  We're adjourned.
 8             THE COURT CLERK:  All rise.
 9                    (Time noted: 2:22 p.m.)
10
11
12
13        -------------------------------------------------
14        I certify that the foregoing is a correct transcript
15   from the record of proceedings in the above-entitled matter.
16
17
18   /S/Diane DiTizii, CCR, CRR, RMR              09/19/2023
19   Court Reporter/Transcriber
20
21
22
23
24
25
```

United States District Court
Newark, New Jersey