Sills Cummis & Gross P.C.
Joseph B. Shumofsky
Linxuan Yan
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

Marcus Neiman Rashbaum & Pineiro LLP
Jeffrey A. Neiman (*pro hac vice* pending)
Kathryn Meyers (*pro hac vice* pending)
Jason L. Mays (*pro hac vice* pending)
One Financial Plaza
100 SE 3rd Ave., Suite 805
Fort Lauderdale, Florida 33394
(954) 462-1200

*Attorneys for Plaintiff Nina Agdal*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NINA AGDAL,<br><br>            Plaintiff,<br><br>v.<br><br>DILLON DANIS,<br><br>            Defendant. | Case No.: 2:23-CV-16873-MCA-MAH |

**VERIFIED AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Nina Agdal ("Plaintiff" or "Agdal"), by and through undersigned counsel, files this Verified Amended Complaint and Demand for Jury Trial against Defendant Dillon Danis ("Defendant" or "Danis"), in which she seeks to hold him accountable for (1) unlawfully posting a nonconsensual, sexually explicit photograph of her on the internet without her consent, in violation of both federal and state law, and (2) defaming her and placing her in a false light as a

1

result of his publication on social media of the false claim that she has HIV. As grounds for her Verified Complaint, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Nina Agdal brings this action against Defendant Dillon Danis for violations of the federal revenge porn statute, the 2022 Violence Against Women Act Reauthorization, 15 U.S.C. § 6851, and for invasion of privacy pursuant to N.J. Stat. § 2A:58D-1, based on his unauthorized disclosure of a nonconsensual, sexually explicit photograph of Plaintiff, depicting full frontal nudity, to millions of social media users in the course of a relentless, ongoing campaign of cyber harassment and bullying against her. Plaintiff also asserts claims against Danis for defamation and false light as a result of his false claim on social media that she has HIV.

2. Starting in early August 2023 and continuing into the present, Danis has been using his X (formerly Twitter) and Instagram accounts to harass Plaintiff as part of a feud with Plaintiff's fiancé, non-party Logan Paul, whom Danis is scheduled to face in a highly publicized boxing match in October 2023.

3. As of the filing of this Complaint, Danis has attacked Plaintiff through hundreds of posts containing vulgar and disparaging pictures, memes, and comments about her. In one instance that gives rise to claims asserted in this Complaint, Danis obtained and posted on his X account, without authorization, a sexually explicit photograph of Plaintiff that was taken and shared, without her consent, during a romantic encounter with a non-party more than a decade ago.

4. Danis's despicable conduct has caused Plaintiff to suffer humiliation, emotional distress, and reputational harm. All the while, Danis has been *rewarded* for that same conduct

through an increased social media following and publicity that has resulted in his offensive posts being viewed more than *two billion* times to date.

5. Plaintiff seeks to hold Danis accountable for the harm she has suffered as a result of Danis's unlawful conduct, for which Danis is not only unapologetic, but which he has publicly expressed his intent to continue.

## THE PARTIES

6. Plaintiff Nina Agdal is an individual who resides in New York and the Commonwealth of Puerto Rico. Agdal is a highly successful Danish model.

7. Agdal is the fiancée of non-party Logan Paul ("Paul"), a prominent social media influencer and content creator, World Wrestling Entertainment wrestler, boxer, and entrepreneur.

8. Defendant Dillon Danis is an individual who resides in Jersey City, New Jersey. Danis is a mixed martial artist and boxer.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States and pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court also has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

10. The Court has personal jurisdiction over Defendant Dillon Danis because he resides in New Jersey.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

## GENERAL ALLEGATIONS

12. In early August 2023, it was publicly announced that Defendant Dillon Danis and Plaintiff's fiancé, Logan Paul, would be squaring off in a boxing match in Manchester, England, on October 14, 2023.

13. Since the announcement, Danis has used social media to "promote" the fight and ramp up his feud with Paul.

14. Danis has engaged in this online feud primarily through X (formerly Twitter), where he maintains an account with the handle (*i.e.*, username) @dillondanis, and through Instagram, where he has the same username.

### *Danis's Cyber Harassment Campaign Against Plaintiff*

15. Notwithstanding that Plaintiff has never met, spoken to, or interacted with Danis, Danis nevertheless has made Plaintiff the primary target of his attacks against Paul.

16. Danis has used his social media accounts to make hundreds of crude posts about Plaintiff, most of which either explicitly call Plaintiff a "whore," a "slut," or a similarly disparaging label, or otherwise use memes and pictures (many of which have been altered) to convey the same message. As of the filing of this Complaint, Danis has posted about Plaintiff *more than 250 times* across his X and Instagram accounts since August 9, 2023.

17. In one X post on August 22, 2023, for example, Danis wrote, "I just saw 20 guys go into [Plaintiff's] room at the fighter hotel," intimating that Plaintiff would have sex with 20 men at the same time.

18. Similarly, in another X post on August 15, 2023, Plaintiff's face had been pasted into an image with five men for the same reason.

19. In other posts, Danis included pictures that had been Photoshopped or otherwise altered to make it appear as though Plaintiff and Danis had been photographed together. Danis then added text to suggest that he and Plaintiff have had a sexual relationship.

20. In one such X post on August 20, 2023, Danis included a supposed picture of Plaintiff and himself, along with the text: "the one time i didn't pull out."

21. In another such X post on August 22, 2023, Danis posted another fake picture of Plaintiff and himself, this time with the text, "Logan threw a tantrum & left the arena before our face off so I did it with a real fighter who can go more than 6 rounds."

22. Danis also has harassed Plaintiff through a series of X posts indecently speculating about the number and identities of her past sexual partners; distastefully joking about Plaintiff's female anatomy given her supposed sexual history; and offensively suggesting Paul should "get checked" for sexually transmitted diseases that he may have contracted from Plaintiff.

23. Danis has continued these attacks offline, as well, disparaging and lying about Plaintiff verbally during the press conference for his fight with Paul and other interviews he has given since the fight was announced.

24. Although there are many pictures of Plaintiff in the public domain given her professional success and the media attention that has come with it, not all of the content Danis has used for his posts relating to Plaintiff had been publicly available prior to his posts.

25. On August 28, 2023, Danis posted a video of Plaintiff in which she briefly discussed her desire for intimacy during a period of celibacy.

26. While Plaintiff self-recorded that video more than six years ago, she never sent that private video recording to anyone, and it was stored deep in her Snapchat archive,

5

suggesting Danis had hacked Plaintiff's personal account or had obtained the private video from someone who had done so.

27. That private video now has been viewed more than 135 million times.

### *Danis's Unlawful Disclosure of an Intimate Image of Plaintiff*

28. Among Danis's many offensive posts, at least one violated federal and state law and gives rise to the claims asserted in this Complaint.

29. In the course of a romantic encounter that Plaintiff had with a non-party more than ten years ago, the non-party took a sexually explicit photograph of Plaintiff without her consent.

30. By August 11, 2023, Danis had come into possession of that explicit photograph of Plaintiff that depicted full frontal nudity. On that day, Danis posted the photograph—entirely uncensored—from his X account, without Plaintiff's consent.

31. Later that day, Danis reposted the explicit photograph in order to maximize the number of views it would receive.

32. At some point thereafter, Danis reluctantly deleted the post containing the photograph. Misfits Boxing, the promoter of Danis's fight with Paul, directed Danis to delete the post and threatened to cancel the fight unless he complied.

33. By the time the post was deleted, it had been viewed hundreds of thousands, if not millions, of times, and had been saved and re-shared an untold number of times.

34. Danis has carried out the conduct described in this Complaint—including the posting of the explicit photograph of Plaintiff—willfully. He has described his conduct as fight promotion related to his feud with Paul, expressing in X posts on August 12 and August 16,

2023, respectively, that he has been "carrying the whole card's [*i.e.*, the fight's] promotion on my back" and that "without my touch, this whole thing is just a mind-numbing snooze-fest."

35. Not only has Danis bragged about preying upon Plaintiff in this manner, but he also has celebrated and posted about the increased popularity he has enjoyed on social media as a result of his conduct.

36. In the time since he began his harassment campaign against Plaintiff on or about August 9, 2023, Danis's X followers have more than doubled from approximately 340,000 to more than 850,000 as of the filing of this Complaint.

37. Underscoring the harm that Danis's abusive conduct has caused Plaintiff, since Danis first posted about Plaintiff in early August 2023, Danis's posts on X—most of which have been about Plaintiff—have collectively been viewed *more than two billion times*. Indeed, for the four-week period ending August 29, 2023—*i.e.*, since he started harassing Plaintiff—Danis's post "impressions" (*i.e.*, views) on X increased by *more than 12,200%* from the prior four-week period.

38. On August 18, 2023, X temporarily locked Danis's account because of his posts about Plaintiff. Specifically, X locked Danis's account for "[v]iolating [its] rules against posting or sharing privately produced/distributed intimate media of someone without their express consent."

39. On several other occasions, X "shadow banned" Danis's account because of those posts, meaning X temporarily limited the exposure of his posts by, for example, making them not show up in users' searches or feeds.

40. Rather than stop his harassment of Plaintiff, however, on those occasions Danis simply invited his followers to join him on Instagram, where he has more than two million

7

followers, and where his harassment of Plaintiff continued until X lifted the suspension or the ban.

41. Instagram has since removed a number of Danis's posts for violating its anti-bullying and harassment policies.

### *Danis Threatens the Further Unlawful Disclosure of Plaintiff's Intimate Images*

42. Danis has indicated that he possesses additional pictures of Plaintiff of an explicit, sexual nature and has been threatening the potential public release of those pictures.

43. On August 20, 2023, Danis posted on X that he possessed a picture of Plaintiff that was "like a nuclear bomb; the damage it would do would be irreparable." Danis said that, if he posted the picture, it would "end the fight, end [Paul's] engagement [to Plaintiff], and [he] might even find [himself] in jail."

44. In a post two days later, on August 22, 2023, Danis said, "if we hit 2 million on my instagram I'll drop the picture."

45. On August 27, 2023, Danis posted on X, "I just got another absolute nuke of a pic of [Plaintiff] this one might be worse than the other one wow this girl is actually wild. Logan on a man level you need to call this marriage off now."

46. In another post that day, Danis said that if he posts the pictures, "the fight will be called off and I'll be sued."

47. Then, in an X post on August 28, 2023, Danis wrote: "Like this if I should schedule the pic to be posted on my walk to the ring?"

48. In an X post on September 2, 2023, Danis wrote: "These are so bad, I would definitely get sued, go to jail, and be [sic] fight would be off. *But I might just say fuck it*". (emphasis added)

49. Danis's posts, retweets, and other public conduct also indicate he already has shared those pictures with others.

50. On August 20, 2023, a former professional kickboxer named Andrew Tate responded to one of Danis's posts on X, noting that Danis had sent him one of the pictures.

51. On September 3, 2023, Danis joined popular live streamer Adin Ross on a live stream, during which Danis purported to show Ross one of the pictures, and then questioned the consequences of potentially sharing it publicly. Danis asked if the fight would be canceled if he posted it, to which Ross responded, "Definitely, like that's too far."

### *Danis's Acknowledgement of His Unlawful Conduct*

52. Danis appeared to acknowledge the illegality of his conduct in sharing explicit photographs of Plaintiff while being interviewed for the "Full Send Podcast" on August 16, 2023.

53. During that interview, Danis expressed to one of the podcast hosts: "If you dated [Plaintiff], right, and you sent me a picture of her naked in bed, that's, *that's like illegal—that's defamation of character*." (emphasis added)

54. Still, Danis attempted to justify the scope of his conduct, saying "[Paul] knows what he's signing up for. . . . This is me and him going to, like, murder each other. You saw [unintelligible] about stomping my head in in front of my family, *so I can't go at his wife's tits*? Come on, relax. . . ." (emphasis added)

55. Regardless of his purported justification, Danis's conduct alleged in this Complaint was not about Paul; it was about Plaintiff.

9

### *Danis Defames Plaintiff and Places Her in a False Light by Claiming She Has HIV*

56. Rather than stop his harassment of Plaintiff after this lawsuit was filed, Danis instead expanded the nature of his unlawful attacks and continued posting about Plaintiff, including a false post about Plaintiff's HIV status.

57. In an X post on September 14, 2023, Danis responded to another post and wrote, "I have a better idea fuck [Plaintiff] the night before the fight [and] give myself HIV."

58. Any statement or suggestion that Plaintiff has HIV is false.

### *Danis's Unlawful Conduct Has Caused Plaintiff Substantial Harm*

59. By posting the explicit photograph without Plaintiff's consent, and by defaming Plaintiff and placing her in a false light by lying about her HIV status, Danis has caused Plaintiff significant harm, including but not limited to emotional distress, reputational harm, embarrassment, and stress and anxiety over threatened future posts of a similar nature.

60. Plaintiff brings this lawsuit to hold Danis accountable for that harm.

### **CAUSES OF ACTION**

### **COUNT I**
### **(violation of 15 U.S.C. § 6851(b)(1)(A))**
### **(disclosure of intimate image)**

61. Plaintiff restates and realleges Paragraphs 1–60 as though fully stated herein.

62. On or about August 11, 2023, Defendant posted a sexually explicit photograph of Plaintiff, depicting full frontal nudity, from his X account.

63. The photograph was an "intimate visual depiction" within the meaning of 15 U.S.C. § 6851(a)(5) because it depicted the type of nudity described in that provision.

64. By posting the photograph, Defendant "disclosed" it within the meaning of 15 U.S.C. § 6851(a)(4) because he published, distributed, and made it accessible to others.

65. Moreover, because Defendant posted the photograph on the internet, his disclosures were made using a means of interstate commerce.

66. Defendant knew or recklessly disregarded that his disclosures were made without Plaintiff's consent.

67. Pursuant to 15 U.S.C. § 6851(b)(3)(A)(ii), Plaintiff is entitled to an order enjoining Defendant from disclosing intimate visual depictions of Plaintiff.

68. Pursuant to 15 U.S.C. § 6851(b)(3)(A)(i), Plaintiff also is entitled to recover from Defendant the actual damages she has sustained as a result of Defendant's conduct, in an amount to be determined at trial, but not less than $150,000 per violation of the statute, in addition to her reasonable attorney's fees and other litigation costs incurred in bringing this action. Plaintiff also seeks additional damages, including punitive damages, to the extent permitted by law.

## COUNT II
### (violation of 15 U.S.C. § 6851(b)(1)(A))
### (disclosure of intimate image)

69. Plaintiff restates and realleges Paragraphs 1–60 as though fully stated herein.

70. On or about August 11, 2023, Defendant reposted a sexually explicit photograph of Plaintiff, depicting full frontal nudity, which he had previously posted on his X account.

71. The photograph that was reposted was an "intimate visual depiction" within the meaning of 15 U.S.C. § 6851(a)(5) because it depicted the type of nudity described in that provision.

72. By reposting the photograph, Defendant "disclosed" it within the meaning of 15 U.S.C. § 6851(a)(4) because he published, distributed, and made it accessible to others.

73. Moreover, because Defendant reposted the photograph on the internet, his disclosures were made using a means of interstate commerce.

74. Defendant knew or recklessly disregarded that his disclosures were made without Plaintiff's consent.

75. Pursuant to 15 U.S.C. § 6851(b)(3)(A)(ii), Plaintiff is entitled to an order enjoining Defendant from disclosing intimate visual depictions of Plaintiff.

76. Pursuant to 15 U.S.C. § 6851(b)(3)(A)(i), Plaintiff also is entitled to recover from Defendant the actual damages she has sustained as a result of Defendant's conduct, in an amount to be determined at trial, but not less than $150,000 per violation of the statute, in addition to her reasonable attorney's fees and other litigation costs incurred in bringing this action. Plaintiff also seeks additional damages, including punitive damages, to the extent permitted by law.

## COUNT III
### (violation of N.J. Stat. § 2A:58D-1)
### (invasion of privacy)

77. Plaintiff restates and realleges Paragraphs 1–60 as though fully stated herein.

78. On or about August 11, 2023, Defendant posted a sexually explicit photograph of Plaintiff, depicting full frontal nudity, from his X account.

79. The photograph was an "image of another person whose intimate parts [were] exposed" within the meaning of N.J. Stat. § 2A:58D-1 because it depicted the type of nudity described in N.J. Stat. § 2C:14-1(e).

80. By posting the image, and then by later reposting it, Defendant "reproduced" and/or "disclosed" it within the meaning of N.J. Stat. § 2A:58D-1(a)-(b) because he published it and made it available via the internet.

81. Defendant further claims to have presented and shared sexually explicit images of Plaintiff with non-parties Andrew Tate and Adin Ross.

82. Defendant's posts, and his other conduct in sharing sexually explicit images of Plaintiff with others, were made without Plaintiff's consent and under circumstances in which a reasonable person would not expect to be observed.

83. Defendant's violative conduct was carried out with willful or reckless disregard of the law.

84. Pursuant to N.J. Stat. § 2A:58D-1(c), Plaintiff is entitled to an order enjoining Defendant from reproducing or disclosing sexually explicit images of Plaintiff.

85. Pursuant to N.J. Stat. § 2A:58D-1(c), Plaintiff also is entitled to recover from Defendant the actual damages she has sustained as a result of Defendant's conduct, in an amount to be determined at trial, as well as punitive damages, in addition to her reasonable attorney's fees and other litigation costs incurred in bringing this action.

## COUNT IV
### (*Defamation*)

86. Plaintiff restates and realleges Paragraphs 1–60 as though fully stated herein.

87. On September 14, 2023, Defendant made a post on his X account, through which he communicated to millions of social media users that Plaintiff has HIV.

88. Defendant's post was false.

89. Defendant's post was made with actual malice because it was made with reckless disregard for its truth.

90. Plaintiff is entitled to recover from Defendant the actual damages she has sustained as a result of Defendant's conduct, in an amount to be determined at trial, as well as punitive damages.

## COUNT V
### (*False Light*)

91.     Plaintiff restates and realleges Paragraphs 1–60 as though fully stated herein.

92.     On September 14, 2023, Defendant made a post on his X account that Plaintiff has HIV, which was circulated worldwide to millions of social media users.

93.     Defendant's post was false.

94.     Defendant's post was plainly of and concerning Plaintiff, and placed Plaintiff before the public in a false light that is highly offensive to a reasonable person.

95.     Defendant had knowledge of or acted in reckless disregard as to the falsity of the post and the false light in which the Plaintiff would be placed.

96.     As a direct and proximate result of Defendant's publication of these false statements, Plaintiff has incurred, is suffering and will continue to suffer damages.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury for all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for a judgment in her favor and against Defendant and for the following relief:

A.  A finding that Defendant is liable to Plaintiff for violating 15 U.S.C. § 6851;

B.  A finding that Defendant is liable to Plaintiff for violating N.J. Stat. § 2A:58D-1;

C.  A finding that Defendant is liable to Plaintiff for defamation;

D.  A finding that Defendant is liable to Plaintiff for placing Plaintiff in a false light;

E.  A finding that Defendant's conduct was carried out willfully or in reckless disregard of the law;

14

F.  An award of actual damages in an amount to be determined at trial, but not less than $150,000 per violation of 15 U.S.C. § 6851, pursuant to 15 U.S.C. § 6851(b)(3)(A)(i);

G.  An order requiring Defendant to disgorge any profits earned from his violations of 15 U.S.C. § 6851 and N.J. Stat. § 2A:58D-1, and a corresponding award to Plaintiff in that amount;

H.  An award of punitive damages pursuant to N.J. Stat. § 2A:58D-1(c)(2);

I.  An award of pre- and post-judgment interest on any damages award;

J.  An award of reasonable attorney's fees and costs;

K.  A temporary restraining order, preliminary injunction, and permanent injunction pursuant to 15 U.S.C. § 6851(b)(3)(ii) and N.J. Stat. § 2A:58D-1(c)(4) enjoining Defendant and all persons in active concert or participation with him from continuing to disclose sexually explicit photographs of Plaintiff without her consent and from disclosing materials depicting or portraying Plaintiff that he knows or has reason to believe were never meant to be shared publicly or were obtained without consent, through the hacking of any of Plaintiff's accounts or devices, or through any other illegal unauthorized means; and

L.  An award of such further relief that this Court deems just and proper.

Dated: September 20, 2023                    Respectfully submitted,

**SILLS CUMMINS & GROSS P.C.**

*/s/ Joseph B. Shumofsky*

**Joseph B. Shumofsky**
New Jersey Bar No. 045211998
jshumofsky@sillscummis.com
**Linxuan Yan**
New Jersey Bar No. 401192022
lyan@sillscummis.com

One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**

*/s/ Jeffrey A. Neiman*

**Jeffrey A. Neiman**
Florida Bar. No. 544469
jneiman@mnrlawfirm.com
*Pro Hac Vice Admission Pending*
**Kathryn Meyers**
Florida Bar No. 711152
kmeyers@mnrlawfirm.com
*Pro Hac Vice Admission Pending*
**Jason L. Mays**
Florida Bar. No. 106495
jmays@mnrlawfirm.com
*Pro Hac Vice Admission Pending*

100 Southeast Third Avenue, Suite 805
Fort Lauderdale, FL 33394
Telephone: (954) 462-1200
Facsimile: (954) 688-2492

*Counsel for Plaintiff Nina Agdal*

15

## DECLARATION OF NINA AGDAL PURSUANT TO 28 U.S.C. § 1746

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: September 20, 2023

_____
Nina Agdal