UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NINA AGDAL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DILLON DANIS,<br><br>　　　　　Defendant. | Case No.: 2:23-CV-16873-MCA-MAH |

**RULE 26(f) CONFERENCE REPORT AND JOINT PROPOSED DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1(b), counsel for Plaintiff Nina Agdal and Defendant Dillon Danis submit this Rule 26(f) Conference Report and Joint Proposed Discovery Plan following their telephonic conference on October 24, 2023:

　　　　1.　　**Initial Disclosures**.  The Parties agree to make their initial disclosures by November 7, 2023. The Parties do not believe any changes are necessary to the form or requirement of initial disclosures under Federal Rule 26(a)(1).

　　　　2.　　**Anticipated Scope of Discovery**.  The Parties anticipate conducting discovery into the facts and circumstances that give rise to (i) Plaintiff's causes of action for violations of the 2022 Violence Against Women Act Reauthorization, 15 U.S.C. § 6851 ("VAWA"); invasion of privacy; defamation; and false light, and (ii) Defendant's defenses to those causes of action. Among other topics, Plaintiff submits this will include discovery into Defendant's social media posts about Plaintiff, including the content and timing of his posts, his intent in making the posts, and where, when, and how he obtained the material for his posts.  Plaintiff adds that she

currently anticipates retaining a cyber forensic expert to attest to relevant aspects of her own and Defendant's online activities. Defendant submits that he intends to take discovery into, among other issues, Plaintiff's occupation as a model, including the wide availability of nude and semi-nude photographs of Plaintiff published with Plaintiff's consent, Plaintiff's earnings as a model and public figure on social media, and Plaintiff's posting of revealing photos on social media, including photos taken by at least one former boyfriend.

The Parties anticipate fact discovery will include requests for production, interrogatories, requests for admission, and oral depositions. The Parties also anticipate certain third-party discovery, including to the social media platforms where Plaintiff and Defendant maintain accounts. Additionally, Plaintiff anticipates that she will depose out-of-state third party Joshua Wander of 777 Partners, the individual who originally took (without Plaintiff's consent) and then shared (also without Plaintiff's consent) the explicit image of Plaintiff underlying her VAWA and invasion of privacy claims against Defendant (*Counts I–III*).

3. **The Need for Changes in the Limitations Imposed by the Federal Rules of Civil Procedure, Local Rules, or Standing Orders**. The Parties do not currently believe any changes are necessary.

4. **The Need for Computer-Based or Other Digital Information**: The Parties anticipate the production of computer-based or other digital or electronic discovery will be necessary, including emails, text messages, and records regarding social media accounts. The Parties agree that, following the issuance of discovery requests calling for the production of computer-based or other digital or electronic discovery, they will confer in good faith about the scope of the collection, procedures for the production of such information, potential formatting issues, and other logistics.

5.      **The Need for Data Preservation Orders, Protective Orders, or Orders under Federal Rule of Evidence 502**.  The Parties have agreed to negotiate a stipulated confidentiality agreement to govern the handling of discovery in this matter and, upon doing so, intend to submit a proposed order for the Court's consideration.  Separately, the Parties agree that any privileged document inadvertently produced during discovery may be clawed back in accordance with the procedure set forth in Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502(d), and that any such disclosure does not operate as a waiver.

6.      **Alternative Dispute Resolution**.  Plaintiff has provided Defendant with an initial settlement demand. Settlement negotiations have not taken place to date. The Parties will consider engaging in a private mediation at the appropriate juncture.  The Parties do not currently foresee the need for the appointment of a special master or any other special procedure.

7.      **Proposed Pretrial Deadlines**.  The Parties propose the following case deadlines:

(a) **Tuesday, November 7, 2023:**  Initial disclosures

(b) **Friday, February 16, 2024:**  Amend or add parties

(c) **Friday, March 29, 2024:**  Close of document discovery

(d) **Friday, April 19, 2024:**  Deadline for deposing fact witnesses

(e) **Friday, May 17, 2024:**  Expert reports

(f) **Friday, June 7, 2024:**  Responsive expert reports

(g) **Friday, June 21, 2024**:  Deadline for deposing experts

(h) **Wednesday, July 10, 2024:**  Dispositive motions

(i) **TBD in September-October 2024 timeframe:**  Pretrial conference and trial

Dated November 1, 2023                     Respectfully submitted,

**SILLS CUMMINS & GROSS P.C.**              **HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC**

*s/*Joseph B. Shumofsky                    */s/*Mark A. Berman

Joseph B. Shumofsky                        Mark A. Berman
Linxuan Yan

One Riverfront Plaza                       433 Hackensack Ave., Suite 1002
Newark, NJ 07102                           Hackensack, NJ 07601
Telephone: (973) 643-7000                  Telephone: (201) 441-9056
jshumofsky@sillscummis.com                 mberman@hdrbb.com
lyan@sillscummis.com

                                           *Attorneys for Defendant*

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**

*/s/*Jeffrey A. Neiman

Jeffrey A. Neiman (admitted *pro hac vice*)
Kathryn Meyers (admitted *pro hac vice*)
Jason L. Mays (admitted *pro hac vice*)

100 Southeast Third Avenue
Suite 805
Fort Lauderdale, FL 33394
Telephone: (954) 462-1200
jneiman@mnrlawfirm.com
kmeyers@mnrlawfirm.com
jmays@mnrlawfirm.com

*Attorneys for Plaintiff*