Sills Cummis & Gross P.C.
Joseph B. Shumofsky
Linxuan Yan
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

Marcus Neiman Rashbaum & Pineiro LLP
Jeffrey A. Neiman (admitted *pro hac vice*)
Kathryn Meyers (admitted *pro hac vice*)
Jason L. Mays (admitted *pro hac vice*)
One Financial Plaza
100 SE 3rd Ave., Suite 805
Fort Lauderdale, Florida 33394
(954) 462-1200

*Attorneys for Plaintiff Nina Agdal*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NINA AGDAL, | Civil Action No. 23-CV-16873 (MCA) (MAH) |
| Plaintiff, | |
| vs. | **CERTIFICATION IN SUPPORT OF PROPOSED DISCOVERY CONFIDENTIALITY ORDER** |
| DILLON DANIS, | |
| Defendant. | |

I, Jeffrey A. Neiman, Esq., certify as follows:

1. I am a partner at the law firm Marcus Neiman Rashbaum & Pineiro LLP. I have been admitted *pro hac vice* to represent Plaintiff Nina Agdal in the above-styled lawsuit. *See* D.E. 20.

2. In accordance with the Court's Pretrial Scheduling Order, I submit this Certification in support of the Parties' joint request for the entry of the attached proposed Discovery Confidentiality Order. *See* D.E. 33 at § 3.

3. The Parties are in agreement that the subject matter of this case concerns highly sensitive materials and information of a private nature that warrant the entry of a confidentiality order to govern the handling of such materials and information exchanged during the discovery process. As such, the Parties negotiated and agreed upon the terms of the proposed confidentiality order, and Defendant consents to the entry of the attached proposed Discovery Confidentiality Order.

4. In summary, in this matter, Plaintiff seeks damages from Defendant Dillion Danis based on allegations that, during the course of an online harassment campaign against her, Defendant (1) posted to his X (formerly Twitter) account, without Plaintiff's consent, a nonconsensual, sexually explicit photograph of her, and (2) falsely claimed in a separate X post that Plaintiff has HIV. In addition to statutory damages, Plaintiff alleges that Defendant's conduct has seriously impacted her mental health, causing her emotional distress, reputational harm, embarrassment, and stress and anxiety.

5. In response, among other affirmative defenses, Defendant argues, in relevant part, that (a) he did not recklessly disregard whether Plaintiff had consented to the disclosure of the explicit photograph at issue in this case given the alleged existence of *other* explicit photographs of Plaintiff in the public domain (D.E. 24, Affirmative Defense G), (b) "[s]tatements and social media posts attributed to Defendant were statements of opinion or otherwise true" (*id.* at Affirmative Defense D), (c) "[n]o post or statement attributed to Defendant would tend to lower

Plaintiff in the estimation of a substantial, respectable group" (*id.* at Affirmative Defense H), and (d) Plaintiff has not been damaged (*id.* at Affirmative Defense I).

6. Thus, the facts of this case and the Parties' claims and defenses implicate categories of materials and information—including sexually explicit content and health information of Plaintiff—that warrant the entry of a confidentiality order. For example, among other discovery bearing on the elements of the claims, Plaintiff seeks the disclosure of other explicit content of her that Defendant has publicly claimed to possess, and the manner in which he came to possess it. Similarly, Defendant's discovery requests target sensitive materials and information from Plaintiff.

7. For Plaintiff, the necessity and appropriateness of a confidentiality order is underscored by her concerns over the potential misuse by Defendant of any such sensitive materials and information that he obtains in the course of discovery.

8. Upon Plaintiff's application, the Court entered an order enjoining Defendant from posting sexually explicit photographs of Plaintiff on the internet without her consent. *See* D.E. 13. That injunction remains in full force and effect.

9. In support of that application, Plaintiff submitted evidence that Defendant (a) threatened to continue to post sexually explicit content of her on the internet, *see* D.E. 1(5), Declaration of Jeffrey A. Neiman, Exs. A-H, and (b) claimed in his social media posts that he would not cease such conduct *even after this lawsuit was filed*. *See* D.E. 4.

10. Under the terms of the proposed Discovery Confidentiality Order, the Parties are afforded the opportunity to challenge any confidential designations placed on any discovery materials. (¶ 11 in the proposed Discovery Confidentiality Order).

11. The proposed Discovery Confidentiality Order also provides for the filing of materials under seal only in accordance with Local Rule of Civil Procedure 5.3 (which requires the entry of a separate order of the Court approving the sealing of specific materials). (¶ 12 in the proposed Discovery Confidentiality Order).

12. This lawsuit involves only private litigants, and the dispute does not involve any issues important to the public, such as public health or safety concerns.

13. Given the considerations addressed above and the sensitive and private nature of the information sought in discovery, Plaintiff would suffer serious injury if this Court does not enter the proposed Discovery Confidentiality Order to prohibit access to, release of, or use of confidential and private information by the public or others not involved in this litigation. As the Court already found in issuing the injunction, the misuse of the types of materials and information to be exchanged in discovery would result in Plaintiff suffering irreparable emotional distress and reputational harm. *See* D.E. 13 at 4.

14. For the foregoing reasons, Plaintiff respectfully submits that the proposed Discovery Confidentiality Order meets the requirements of Federal Rule of Civil Procedure 26(c), Local Rule of Civil Procedure 5.3, *Pansy v. Boro. of Stroudsberg*, 23 F.3d 772 (3d Cir. 1994), and *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995).

I certify under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Dated: February 7, 2024

Jeffrey A. Neiman, Esq.