# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NINA AGDAL,<br><br>    Plaintiff,<br><br>v.<br><br>DILLON DANIS,<br><br>    Defendant. | Case No.: 2:23-CV-16873-MCA-MAH<br><br>[~~PROPOSED~~] DISCOVERY<br>CONFIDENTIALITY ORDER |

WHEREAS, all the parties to this litigation request that this Court issues a confidentiality order pursuant to Federal Rules of Civil Procedure 26(c) and Local Civil Rule 5.3 to protect the confidentiality of nonpublic information that they may need to disclose in connection with discovery in this litigation;

WHEREAS, the parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order,

IT IS HEREBY ORDERED that any person subject to this Stipulated Confidentiality Agreement and Protective Order (the "Confidentiality Order")– including without limitation the parties, their representatives, agents, experts, and consultants, all third parties providing discovery in this litigation, and all other interested persons with actual or constructive notice of this Confidentiality Order – will adhere to the following terms, upon pain of contempt:

1.  Any party to this litigation and any non-party providing information in this litigation (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Confidentiality Order any information, document, or thing, or portion of any document or

thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, (b) that contains private or confidential personal information, (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith is subject to being misused under the circumstances of the case or is otherwise entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or non-party covered by this Confidentiality Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. Any party to this litigation and any non-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any non-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3. When electronically stored information is produced that cannot itself be marked with the designation Confidential or Attorneys' Eyes Only, the physical media on which such

electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.

4. All Confidential and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5 with respect to Confidential material, or set forth in Paragraph 7 with respect to Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by order of this Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

5. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    (a) The parties;

    (b) Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action);

    (c) In-house counsel designated in advance of disclosure by the parties who are necessary for the prosecution or defense of the action;

    (d) Outside experts or consultants retained by outside counsel for purposes of this litigation, and personnel acting under their direct or indirect supervision, provided

they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(e) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(f) The Court and court personnel;

(g) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(h) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(i) Such other persons as may be designated by written agreement of the parties to this agreement or by order of the Court.

6. Confidential material shall be used only by individuals permitted access to it under Paragraph 5. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action)

(b) In-house counsel designated in advance of disclosure by the parties who are necessary for the prosecution or defense of the action;

(c) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(d) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(e) The Court and court personnel;

(f) Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, or was employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(g) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(h) Such other persons as may be designated by written agreement of the parties to this agreement or by order of the Court.

8. Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 7. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

9. Counsel for the party showing material designated Confidential or Attorneys' Eyes Only to any person required to execute a non-disclosure agreement in the form attached hereto as Exhibit A shall be responsible for obtaining such signed non-disclosure agreement. The original of such executed non-disclosure agreement shall be maintained in the files of such counsel. Persons in the possession of materials designated Confidential or Attorneys' Eyes Only shall not disclose such information to any other person, except in conformity with this Confidentiality Order.

10. With respect to any depositions that involve a disclosure of Confidential or Attorneys' Eyes Only material of a party or non-party, such party or non-party shall designate the transcript as containing Confidential or Attorneys' Eyes Only material, or both, during the deposition, or within 5 days thereafter, and may have until thirty (30) days after receipt of the deposition transcript within which specifically to inform all other parties or non-parties of which portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately

marked and limit disclosure of that transcript in accordance with Paragraphs 5 and 6, or Paragraphs 7 and 8, respectively.

11. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

12. Any document designated Confidential or Attorneys' Eyes Only by a party or non-party and which is to be filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

13. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only material, it may do so only after giving notice to the producing party and as directed by the Court.

14. Data Breach: If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach and cooperate with that party to address the breach.

15. The inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential or Attorneys' Eyes Only material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Confidentiality Order.

16. The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be

asserted by the producing party either in this litigation or in any other federal or state proceeding. This Confidentiality Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection. If a party decides to add a designation to any document previously produced without designation, or to withdraw the designation on any document previously produced, the designating party shall produce to each receiving party substitute copies of such documents bearing the appropriate designation, if any. To the extent a designation is added, each receiving party reserves all rights to challenge such designation as set forth in this Confidentiality Order. Each receiving party shall use reasonable efforts to substitute the later produced documents for the previously produced documents and destroy or return to the designating party the previously produced documents and all copies thereof.

17. When clawing back any inadvertently produced documents protected by attorney-client privilege or work-product protection or any portions of such documents, the producing party shall provide a spreadsheet listing the Bates numbers of all clawed-back documents, along with a statement containing the basis asserted by the producing party for the proposed clawback.

After being notified, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified. If the receiving party contests the classification of the clawed-back document, the parties shall meet and confer to resolve the issue. Should a dispute remain after the meet-and-confer, the receiving party may promptly present the disputed claim to this Court under seal for resolution pursuant to Local Rule 37.1. The producing party must preserve the information until the claim is resolved. Further, a producing party that has clawed back documents, or portions of documents, will re-produce all such documents (and if portions of documents, unredacted versions) within the later of seven days of this Court resolving the dispute against the producing party or, if the dispute and/or ruling is one from which an appeal is or may be available under the Federal Rules, seven days of the expiration of the appeal period or final completion of a timely but otherwise unsuccessful appeal(s) taken from the pertinent ruling, whichever is later.

18.   If a non-party serves a party in this litigation with a request, subpoena, or order ("demand") for disclosure of Confidential or Attorneys' Eyes Only material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose any Confidential or Attorneys' Eyes Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The

party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

19. This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

20. This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

21. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only material or to destroy all copies of such material that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing Confidential or Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Confidentiality Order. To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

22. This Court retains jurisdiction even after final disposition of this proceeding to enforce this Confidentiality Order and to make such amendments, modifications, deletions and additions to this Confidentiality Order as this Court may from time to time deem appropriate.

22. The parties hereto ~~reserve all rights to~~ may apply to this Court at any time, before or after final disposition for an order: (a) modifying this Confidentiality Order; (b) seeking relief from this Confidentiality Order for cause; (c) seeking further protection against discovery or other use of Confidential or Attorneys' Eyes Only material, ~~or (d) seeking further production, discovery, disclosure or use of claimed Confidential or Attorneys' Eyes Only material, or documents, transcripts or other materials reflecting~~ Confidential or Attorneys' Eyes Only material. Any application to modify, or seek relief from or enforcement of, the Confidentiality Order after entry of final judgment shall also be accompanied by an application to reopen the matter.

Dated: February __, 2024

Respectfully submitted,

/s/ *Joseph B. Shumofsky*
Joseph B. Shumofsky
Linxuan Yan
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, New Jersey 07102
jshumofsky@sillscummis.com
(973) 643-7000

/s/ *Jeffrey A. Neiman*
Jeffrey A. Neiman (admitted *pro hac vice*)
Kathryn Meyers (admitted *pro hac vice*)
Jason L. Mays (admitted *pro hac vice*)
Marcus Neiman Rashbaum & Pineiro LLP
One Financial Plaza
100 SE 3rd Ave., Suite 805
Fort Lauderdale, Florida 33394
jneiman@mnrlawfirm.com
(954) 462-1200

*Attorneys for Plaintiff Nina Agdal*

/s/ *Mark A. Berman*
Mark A. Berman
Kelly A. Zampino
Hartmann Doherty Rosa Berman & Bulbulia, LLC
433 Hackensack Avenue, Suite 1002
Hackensack, NJ 07601
mberman@hdrbb.com
(201) 441-9056

*Attorneys for Defendant Dillon Danis*

IT IS SO ORDERED.

Dated: 2/8/2024

_____
Michael A. Hammer, U.S.M.J.

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NINA AGDAL, <br><br> Plaintiff, <br><br> v. <br><br> DILLON DANIS, <br><br> Defendant. | Case No.: 2:23-CV-16873-MCA-MAH <br><br> **AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER** |

I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my present employer is

_____.

    3.    My present occupation or job description is

_____.

    4.    I have carefully read and understood the provisions of the Confidentiality Order in this litigation signed by the Court, and I will comply with all provisions of the Confidentiality Order.

    5.    I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential or Attorneys' Eyes Only material or any words, summaries, depictions, abstracts, or indices of Confidential or Attorneys' Eyes Only material disclosed to me.

6. I will limit the use of Confidential or Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential and Attorneys' Eyes Only material and summaries, depictions, abstracts, and indices thereof that come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____            _____[Name]