/UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NINA AGDAL,<br><br>Plaintiff,<br><br>– vs —<br><br>DILLON DANIS,<br><br>Defendant. | Civil No. 23-16873 (MCA)(MAH)<br><br>**STIPULATION FOR DEFENDANT TO FILE AMENDED ANSWER** |

**IT IS HEREBY STIPULATED**, by and between undersigned counsel, that Defendant be granted leave to filed the proposed Amended Answer attached hereto as Exhibit A.

/s Joseph B. Shumofksy
Joseph B. Shumofsky, Esq.
Linxuan Yan, Esq.
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643- 7000
jshumofsky@sillscummis.com
lyan@sillscummis.com

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**

Jeffrey A. Neiman, Esq. (admitted pro hac vice)
Kathryn Meyers, Esq. (admitted pro hac vice)
Jason L. Mays, Esq. (admitted pro hac vice)
100 Southeast Third Avenue Suite 805
Fort Lauderdale, FL 33394
Telephone: (954) 462-1200
jneiman@mnrlawfirm.com
kmeyers@mnrlawfirm.com
jmays@mnrlawfirm.com
*Attorneys for Plaintiff*

/s Mark A. Berman
Mark A. Berman, Esq.
Kelly A. Zampino, Esq.
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA LLP**
433 Hackensack Avenue, Suite 1002
Hackensack, New Jersey 07601
t: 201-441-9056
e: mberman@hdrbb.com
*Attorneys for Defendant*

Dated: February 15, 2024

Dated: February 16, 2024

SO ORDERED

*s/Michael A. Hammer*
Michael A. Hammer, U.S.M.J.

Date: 2/16/24

# EXHIBIT A

Mark A. Berman, Esq.
Kelly A. Zampino, Esq.
**HARTMANN DOHERTY ROSA**
**BERMAN & BULBULIA LLP**
433 Hackensack Avenue, Suite 1002
Hackensack, New Jersey 07601
t: 201-441-9056
*Attorneys for Defendant*
*Dillon Danis*

| | |
|---|---|
| NINA AGDAL, | UNITED STATES DISTRICT COURT |
| | FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| | Civil No. 23-16873 (MCA) (MAH) |
| - vs — | |
| | **AMENDED ANSWER** |
| DILLON DANIS, | |
| Defendant. | |

Defendant Dillon Danis, through his attorneys, Hartmann Doherty Rosa Berman & Bulbulia, LLC, answers Plaintiff Nina Agdal's Amended Complaint as follows:

1)    Admitted that Plaintiff has filed this action against Defendant, but otherwise denied.

2)    Admitted that Defendant faced Logan Paul ("Logan") in a boxing match on October 14, 2023, and admitted that, to promote the match, Defendant taunted Logan (and vice versa) using their social media accounts, but otherwise denied.

3)    Admitted that Defendant has posted pictures on his social media accounts and posted obviously parodic, satiric, farcical and comedic comments and opinions about Plaintiff and Logan on his social media accounts, but Defendant otherwise lacks sufficient information to admit or deny the allegations.

4)    Denied.

5)    Denied.

6)   Defendant lacks sufficient information to admit or deny the allegations.

7)   Defendant lacks sufficient information to admit or deny the allegations.

8)   Admitted.

9)   Defendant lacks sufficient information to admit or deny the allegations.

10)   Defendant lacks sufficient information to admit or deny the allegations.

11)   Defendant lacks sufficient information to admit or deny the allegations.

12)   Admitted.

13)   Denied that there is an actual "feud" with Logan, but otherwise admitted.

14)   Denied that there is an actual "feud" with Logan, but otherwise admitted.

15)   Admitted that Defendant has never met, spoken to, or interacted with Plaintiff, but otherwise denied.

16)   Admitted that, in the context of promoting a boxing match with Plaintiff's fiancée, who acts in parodic and farcical professional wrestling events, which historically have involved imaginary "feuds" between good guys and bad guys, Defendant has used his social media accounts to post obviously parodic, satiric, farcical and comedic comments and opinions about Plaintiff and Logan, public figures who earn their livings in whole or in part from maximizing their celebrity and media exposure, such that no reasonable person would believe that Defendant's comments are anything but parody, satire, comedy, farce or opinions, but Defendant otherwise lacks sufficient information to admit or deny the allegations.

17)   Admitted that Defendant posted to X, but otherwise denied. See also response to paragraph 16.

18)   Admitted that Defendant posted to X, but otherwise denied. See also response to paragraph 16.

19) Admitted that Defendant posted pictures depicting himself and Plaintiff that had been altered, but otherwise denied. See also response to paragraph 16.

20) Denied that, in context, any reasonable person would believe that the referenced picture was an actual photograph of Defendant and Plaintiff, but otherwise admitted. See also response to paragraph 16.

21) Admitted. See also response to paragraph 16.

22) Admitted that the posts described by Plaintiff have been for the purpose of parody, satire, farce, and comedy, and not intended to be taken seriously, as any reasonable person would recognize given the context (even if one found the language used to be offensive or distasteful), but otherwise denied. See also response to paragraph 16.

23) Denied. See also response to paragraph 16.

24) Defendant lacks sufficient information to admit or deny the allegations, except Defendant admits that "there are many pictures of Plaintiff in the public domain," but denies that it is "given her professional success and the media attention that has come with it," rather – upon information and belief – Plaintiff earns her living in whole or in part by posing for, posting, and otherwise publishing pictures and videos of herself that are "explicit" or of a "sexual nature," depending on one's understanding of those terms, including pictures similar to those at issue here, for example, pictures taken by a prior boyfriend (*see* "Nina Agdal Strips Down for Spontaneous Nude Outdoor Photo Shoot by Boyfriend Jack Brinkley Cook," *People*, April 3, 2018, *available at* https://people.com/style/nina-agdal-nude-photo-shot-by-jack-brinkley-cook/), pictures in seemingly casual, private and/or intimate settings, pictures in which her pubic area, breasts, and rear end are partially or fully visible or blurred (*see* "Nina Agdal Attempts To Break The Internet With NSFW Photos," CBS Detroit, April 28, 2015, *available at*

https://www.cbsnews.com/detroit/news/nina-agdal-attempts-to-break-the-internet-with-nsfw-photos/), pictures arguably falling within the definition of "intimate visual depictions" under 15 U.S.C. § 6851(a)(5)(A)(i) that display, for example, Plaintiff's pubic area and nipples (*see* https://maxwelld.livejournal.com/251205.html (pictures from June 26, 2014 edition of *Gosee* magazine); https://www.razorfine.com/print/nina-agdal-bares-all-for-frederic-pinet/ (pictures by photographer Frederic Pinet), and including the following pictures posted by Plaintiff on her own social media accounts, as a result of which Defendant did not know and had no reason to know that any specific nude or partially nude picture of Plaintiff was available without her consent:











← **Nina Agdal**
5,072 posts



💬 14   🔁 17   ♡ 134   ᴵᴵᴵ   ⬆

🔁 **Nina Agdal reposted**

 **Sports Illustrated Swimsuit** ✅ @SI_Swimsuit · Mar 13, 2017   ···
We're still swooning over @NinaAgdal in #SISwim 2017! on.si.com/2mFlogL



💬 14   🔁 89   ♡ 711   ᴵᴵᴵ   ⬆

🔁 **Nina Agdal reposted**

 **Sports Illustrated Swimsuit** ✅ @SI_Swimsuit · Mar 11, 2017   ···
This is the workout that @NinaAgdal said has made the biggest difference in her body: on.si.com/2mbrH9b.



💬 11   🔁 83   ♡ 792   ᴵᴵᴵ   ⬆

🔁 Nina Agdal reposted

- 6 -



25) Admitted.

26) Denied that Defendant hacked Plaintiff's personal account but Defendant otherwise lacks sufficient information to admit or deny the allegations.

27) Defendant lacks sufficient information to admit or deny the allegations.

28) Denied.

29) Defendant lacks sufficient information to admit or deny the allegations.

30) Admitted that, on August 11, 2023, Defendant posted a picture, but Defendant otherwise lacks sufficient information to admit or deny the allegations.

31) Admitted that, on August 11, 2023, Defendant re-posted a picture, but Defendant otherwise lacks sufficient information to admit or deny the allegations.

32) Denied that Defendant acted reluctantly, but otherwise admitted.

33) Defendant lacks sufficient information to admit or deny the allegations.

34) Admitted that Defendant has promoted the October 14, 2023 fight with Logan using his social media accounts, as reflected in the excerpts partially quoted in this paragraph, but otherwise denied. See also response to paragraph 16.

35) Denied.

36) Denied that Defendant "began [a] harassment campaign against Plaintiff," but Defendant otherwise lacks sufficient information to admit or deny the allegations. See also response to paragraph 16.

37) Denied that Plaintiff has suffered any actual harm, but Defendant otherwise lacks sufficient information to admit or deny the allegations.

38) Admitted that X has temporarily locked Defendant's account, but Defendant otherwise lacks sufficient information to admit or deny the allegations.

39) Admitted that X has occasionally "shadow banned" Defendant's account, but Defendant otherwise lacks sufficient information to admit or deny the allegations.

40) Admitted that Defendant has invited people to follow him on Instagram, where he presently appears to have 2.5 million followers, but otherwise denied.

41) Admitted that Instagram has removed some of Defendant's posts, but Defendant otherwise lacks sufficient information to admit or deny the allegations.

42) Admitted that Defendant, and anyone else in the world with internet service, has access to nude photographs of Plaintiff, but Defendant otherwise lacks sufficient information to admit or deny the allegations. See also response to paragraph 16.

43) Admitted. See also response to paragraph 16.

44) Admitted. See also response to paragraph 16.

45) Admitted. See also response to paragraph 16.

46) Admitted. See also response to paragraph 16.

47) Admitted. See also response to paragraph 16.

48) Admitted. See also response to paragraph 16.

49) Defendant lacks sufficient information to admit or deny the allegation.

50) Defendant lacks sufficient information to admit or deny the allegation.

51) Admitted.

52) Denied. Defendant stated that he was not posting leaked photos. See also response to paragraph 16.

53) Denied that the quoted language constitutes Defendant's full statement; as alleged, this paragraph misrepresents the actual substance of Defendant's statement. See also response to paragraph 16.

54) Denied. See also response to paragraph 16.

55) Denied. See also response to paragraph 16.

56) Denied. See also response to paragraph 16.

57) Admitted. See also response to paragraph 16.

58) Defendant lacks sufficient information to admit or deny the allegation. See also response to paragraph 16.

59) Denied.

60) Denied.

## CAUSES OF ACTION

### COUNT I

61) Defendant incorporates by reference his prior responses.

62) Denied.

63) Denied.

64) Defendant lacks sufficient information to admit or deny the allegations.

65) Defendant lacks sufficient information to admit or deny the allegations.

66) Denied.

67) Denied.

68) Denied.

## COUNT II

69) Defendant incorporates by reference his prior responses.

70) Denied.

71) Denied.

72) Defendant lacks sufficient information to admit or deny the allegations.

73) Defendant lacks sufficient information to admit or deny the allegations.

74) Denied.

75) Denied.

76) Denied.

## COUNT III

77) Defendant incorporates by reference his prior responses.

78) Denied.

79) Denied.

80) Defendant lacks sufficient information to admit or deny the allegations.

81) Denied.

82) Denied.

83) Denied.

84) Denied.

85) Denied.

## COUNT IV

86) Defendant incorporates by reference his prior responses.

87) Denied.

88) Denied.

89) Denied.

90) Denied.

## COUNT V

91) Defendant incorporates by reference his prior responses.

92) Denied.

93) Denied.

94) Denied.

95) Denied.

96) Denied.

## AFFIRMATIVE DEFESES

A. Plaintiff fails to state a claim upon which relief may be granted.

B. Plaintiff's claims under 15 U.S.C. § 6851 are statutorily barred because the claims relate to a matter of public concern or public interest.

C. Statements and social media posts attributed to Defendant constitute speech protected by the First Amendment and otherwise are not actionable defamation. *See generally Texas v. Johnson*, 491 U.S. 397, 414 (1989) ("If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable."); *Hustler Magazine v. Falwell*, 485 U.S.

46, 50 (1988) (holding that even "patently offensive speech [that] is intended to inflict emotional injury" upon a public figure is protected by the First Amendment); *Greenbelt Co-op. Pub. Ass'n v. Bresler*, 398 U.S. 6, 14 (1970) (holding that even crude or mean-spirited speech, including "rhetorical hyperbole" and "vigorous epithet[s]," are protected by the First Amendment); *Moore v. Baron Cohen*, No. 21-1702-CV, 2022 WL 2525722, at *3 (2d Cir. July 7, 2022) (dismissing public figure's spouse's claims based upon First Amendment where "the segment at issue was clearly comedy and that no reasonable viewer would conclude otherwise"); *Knievel v. ESPN*, 393 F.3d 1068, 1078 (9th Cir. 2005) ("Read in the context of the satirical, risque, and sophomoric slang found on the rest of the site, the word 'pimp' cannot be reasonably interpreted as a criminal accusation."); *Bollea v. World Championship Wrestling, Inc.*, 271 Ga. App. 555, 610 S.E.2d 92 (2005) (holding that offensive statements made on television by a wrestler in character "could not be understood as stating actual facts about [Plaintiff]" and, therefore, could not reasonably be interpreted as defamatory).

D.    Statements and social media posts attributed to Defendant were statements of opinion or otherwise true.

E.    Plaintiff is a public figure and cannot establish actual malice by clear and convincing evidence.

F.    Defendant did not know that Plaintiff had not consented to the disclosure of any picture at issue in this action.

G.    In light of the plethora of publicly available nude, partially nude, explicit, intimate, sexual, and/or sexualized pictures of Plaintiff created and published with Plaintiff's consent, including apparently nude, partially nude, explicit, intimate, sexual, and/or sexualized pictures created and posted by Plaintiff herself, that were not produced by force, fraud, misrepresentation,

or coercion of Plaintiff, Defendant did not recklessly disregard whether Plaintiff had not consented to disclosure of any picture at issue in this action.

H.  No post or statement attributed to Defendant would tend to lower Plaintiff in the estimation of a substantial, respectable group.

I.  Defendant is immune under 47 U.S.C. § 230(c)(1).

J.  Plaintiff has not been damaged.

WHEREFORE, the Court should enter judgment against Plaintiff and in favor of Defendant on all counts of the Complaint.

## DEMAND FOR A JURY TRIAL

Defendant demands a trial by jury for all issues so triable.

Respectfully submitted,

/s Mark A. Berman
Mark A. Berman, Esq.
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA LLP**
433 Hackensack Avenue, Suite 1002
Hackensack, New Jersey 07601
t: 201-441-9056

*Attorneys for Defendant Dillon Danis*

Dated: February 15, 2024