UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NINA AGDAL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DILLON DANIS,<br><br>　　　　Defendant. | Case No.: 2:23-CV-16873-MCA-MAH<br><br>**AMENDED PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court on the parties' joint request to extend the deadlines to complete discovery; and for good cause shown:

IT IS on this _1st_ day of _April_ 2024,

**ORDERED THAT:**

### I. DISCOVERY

1. Fact discovery shall remain open through **July 19, 2024.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

2. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **July 19, 2024.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

If an unresolved dispute arises at a deposition, then the parties **must** contact by phone the Chambers of the Undersigned for assistance during the deposition. **Failure to contact Chambers for intervention before adjourning that deposition may constitute waiver of the right to seek relief from the Court.**

3. Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention. See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1). Should such informal effort fail to resolve the dispute:

　　A. The party seeking the discovery shall submit a letter, not to exceed ten (10) double-spaced pages, that sets forth: (1) a specific description of the discovery sought; (2) the relevance of that discovery; (3) an explanation of the parties'

efforts to meet and confer to resolve the dispute; and (4) any appropriate legal argument.

B. The party opposing the request may submit, within seven (7) calendar days, a letter in response that shall not exceed ten (10) double-spaced pages. <u>Failure to respond within seven days of the filing of the initial letter will be deemed a waiver of any objection to the discovery request(s).</u>

C. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

<u>Failure by any party to meet and confer in good faith will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.</u>

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than ~~July 12, 2024~~ **May 10, 2024**. **The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date.**

## II. FUTURE CONFERENCES

4. There shall be a telephone status conference before the Undersigned on **April 10, 2024, at 2:00 p.m.** The parties shall dial **973-437-5535**, and conference code **403982647#** to join the call. One week prior to the April 10, 2024 conference, Plaintiff's counsel will submit a status letter regarding the prior dispute as to non-party Joshua Wander.

5. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

6. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

7. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

8. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

### III. MOTIONS

9. <u>No motions are to be filed without prior written permission from this Court.</u> All dispositive motions must first be subject to a dispositive motion pre-hearing. Discovery must be completed prior to the filing of a dispositive motion. These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b) and 56.1.

10. Dispositive motions, if any, are to be filed by **[TO BE DETERMINED]**.

### IV. EXPERTS

11. All affirmative expert reports shall be delivered by **August 15, 2024**. Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

12. All responding expert reports shall be delivered by **September 5, 2024**. Any such report shall be in the form and content as described above.

13. Expert discovery, including the depositions of any expert witnesses, shall be completed on or before **September 20, 2024**.

14. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

### V. FINAL PRETRIAL CONFERENCE

15. A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) on **[TO BE SET]**.

16. All counsel are directed to assemble at the office of plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

17. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

18. **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

*/s/ Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**