

James Ward
Special Counsel
Actuate Law LLC
641 W. Lake Street, 5th Floor
Chicago, IL 60661
james.ward@actuatelaw.com

April 4, 2024

**<u>VIA ELECTRONIC MAIL</u>**

Magistrate Judge Michael A. Hammer
United States District Court District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Courtroom: MLK 2C
Newark, NJ 07102

RE:     *Agdal v Danis*, Case No. 2:23-cv-16873

Dear Magistrate Judge Hammer

        We represent non-party Joshua Wander, whose deposition is due to be scheduled in pursuance of Magistrate Judge Torres's order on Plaintiff's Motion to Compel in the Southern District of Florida. We write to correct a clear mischaracterization of the facts found in the letter submitted by Plaintiff yesterday afternoon. (Dkt. No. 49 (hereinafter "Plaintiff's Letter")) and to provide additional relevant information for the Court's consideration.

        As you may recall, the dispute in this matter revolves around Plaintiff's efforts to depose Mr. Wander, a third party, whose sole connection to the case is that he took a photo of Ms. Agdal in 2012 when they had a romantic encounter. The Defendant somehow obtained and disseminated a copy of the photo without Mr. Wander's knowledge or permission and, indeed, without having ever met or communicated with Mr. Wander in any way. After the



February 9, 2024, hearing before Your Honor, Plaintiff moved to compel Mr. Wander's deposition in South Florida. Subsequently, Magistrate Judge Torres granted the motion to compel the deposition but made clear that "obviously if [Mr. Wander's] answer is he doesn't know anything, then the deposition can be quickly ended."  (Mar. 28, 2024, Hr'g Tr. at 22-3-5.), and left scheduling to counsel to arrange.

In Plaintiff's Letter, counsel for the Plaintiff stated that "they have reached out three separate times for agreeable dates to this point and have yet to hear back."  This is false. Counsel for Mr. Wander responded to Plaintiff's enquiry this past Tuesday, April 2, 2024, and Plaintiff's counsel acknowledged this communication, and thanked Mr. Wander's counsel for the response. (A true and correct copy of the relevant email correspondence is attached to this letter as Exhibit A.)  While no date for the deposition had at that time been agreed, that is not what the text of Plaintiff's letter says, nor is it what Plaintiff's counsel implied.

We are unsure as to why counsel for Plaintiff would misrepresent an obviously disprovable and documented fact in this manner, and although we asked for a correction or retraction, Plaintiff's counsel has refused. Moreover, we understand that the discovery deadline in the New Jersey matter has been extended into May, and we are working to secure a date for the deposition that is amenable to both sides. Although Mr. Wander – who is very frequently out of the country for work -- offered April 16, 2024, for a Zoom deposition (as was permissible under Judge Torres's order). Plaintiff has refused that offer, requiring that Mr. Wander physically appear for his deposition. We are now looking to find a date before the discovery cutoff.

We felt that the Court should be aware of the issue.



Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

/s/ James Ward

James J. Ward, Esq.
Special Counsel
Actuate Law, LLC

Cc:    Jeffrey A. Neiman    jneiman@mnrlawfirm.com,
       Jason Mays    jmays@mnrlawfirm.com,
       Joseph B. Shumofsky    jshumofsky@sillscummis.com,
       Kelly A. Zampino    kzampino@hdrbb.com,
       Mark A. Berman    mberman@hdrbb.com,
       Linxuan Yan    lyan@sillscummis.com,
       Dara C. Tarkowski    dara.tarkowski@actuatelaw.com,
       Stacy J. Rodriguez    stacy.rodriguez@actuatelaw.com.