# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

**Joseph B. Shumofsky, Esq.**
**Member**
**Direct Dial: 973-643-5382**
**Email: jshumofsky@sillscummis.com**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

May 30, 2024

**VIA ECF**
Honorable Michael A. Hammer
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *Nina Agdal v. Dillon Danis*, 23-CV-16873 (MCA)(MAH)

Dear Judge Hammer:

We represent Plaintiff Nina Agdal in the above-referenced matter. We submit this status letter in advance of the status conference, scheduled for May 31, 2024, to update the Court on the status of the case.

### 1. Defendant's Ongoing Discovery Non-Compliance

On April 25, 2024, upon consideration of Plaintiff's letter concerning Defendant's failure to produce discovery [D.E. 53], this Court ordered that "Defendant must produce ALL outstanding discovery responses by May 10, 2024" [D.E. 54]. This Court also directed Defendant's counsel to "specifically instruct Defendant that failure to comply . . . may result in the issuance of an Order to Show Cause as to why sanctions should not be imposed . . . ." Regrettably, Defendant failed to fulfill his discovery obligations by the Court-ordered deadline of May 10, 2024, and, despite Plaintiff's continued efforts to work with Defendant to comply with his discovery obligations, he remains non-compliant as of the filing of this letter.

Defendant still has not produced the majority of outstanding discovery owed to Plaintiff. In particular, Defendant has not produced **any** communications he sent or received via text message, email, or WhatsApp (which we are advised is Defendant's primary means of communication) that relate to the issues in dispute – namely his social media activities pertaining to Plaintiff. Although, on May 12, 2024, Defendant did provide his first and only production of

Sills Cummis & Gross
A Professional Corporation

Honorable Michael Hammer
May 30, 2024
Page 2

documents to Plaintiff, that production was limited to communications Defendant had sent or received on Instagram and Facebook.

      The Parties have conferred several times about the outstanding discovery that is owed to Plaintiff (including since the May 10, 2024 deadline), and Defendant's counsel has represented he has attempted – thus far unsuccessfully – to obtain the outstanding requested materials and information from Defendant. As such, consistent with this Court's April 25, 2024 Order, Plaintiff will ask this Court to issue an Order to Show Cause why sanctions should not be imposed against Defendant. In that regard, Plaintiff is preparing a discovery letter in accordance with ¶ 3 of this Court's Amended Pretrial Scheduling Order [DE 48] as to the various outstanding discovery items. Plaintiff notes that, while Defendant continues to shirk his discovery obligations, he continues to find time to mock and make light of this proceeding on social media:[1]




---

[1] This is not the first time Defendant has parodied and mocked the justice system, as evidenced by Defendant's prior social media posts documenting his attempts to evade service. *See* D.E. 9 at ¶¶ 9–15.

**Sills Cummis & Gross**
A Professional Corporation

Honorable Michael Hammer
May 30, 2024
Page 3



**2. Plaintiff's Dispute with Non-Party Joshua Wander**

Plaintiff's efforts to take the deposition of nonparty Joshua Wander continue. Mr. Wander is the individual who took the explicit photograph of Plaintiff underlying several of Plaintiff's claims against Defendant. In February 2024, Plaintiff was forced to file a related action in the Southern District of Florida to enforce Mr. Wander's compliance with a deposition subpoena. *See Agdal v. Wander*, 24-CV-20729-PCH-EGT. Following a hearing on March 28, 2024, Chief United States Magistrate Judge Edwin G. Torres granted Plaintiff's motion to compel and ordered Mr. Wander to sit for an in-person deposition, declining to impose any temporal or substantive limitations on the deposition other than it be conducted in accordance with the Federal Rules.

Mr. Wander's deposition commenced on May 14, 2024. Upon instructions from his counsel, however, Mr. Wander refused to answer any questions relating to his background (including, for example, where he works) or credibility (including, for example, other public allegations of dishonesty) and terminated the deposition early. As a result, Plaintiff is moving to compel Mr. Wander to re-convene his deposition and answer questions (and for sanctions). A hearing is scheduled on that matter before Judge Torres on June 20, 2024.

Sills Cummis & Gross
A Professional Corporation

Honorable Michael Hammer
May 30, 2024
Page 4

### 3. Other Third-Party Discovery

Plaintiff continues to actively pursue discovery from several other nonparties pursuant to document subpoenas, including most notably (i) X (formerly Twitter), where Defendant posted the majority of the offending social media posts underlying Plaintiff's claims, and (ii) DAZN, the broadcaster of the boxing match that Defendant claims to have been promoting when he made the posts at issue. We have been conferring with outside counsel for each of these nonparties and are attempting to avoid the need for any further subpoena enforcement-related litigation.

### 4. Pretrial Calendar

Given Defendant's ongoing noncompliance with his discovery obligations, which has stymied Plaintiff's ability to progress this case, and Plaintiff's ongoing efforts to obtain nonparty discovery, Plaintiff will be requesting this Court extend the discovery and other pretrial deadlines in this matter by 90 days. *Inter* alia, the pending written and document discovery is needed to prepare for depositions – and, in some cases, to identify deposition targets.

### 5. Plaintiff's Forthcoming Second Amended Complaint

Plaintiff intends to imminently file a Second Amended Complaint. The Second Amended Complaint will not change the nature or scope of this case, but simply will add a third count for violating the 2022 Violence Against Women Act Reauthorization, as discovery recently revealed that Defendant posted the explicit photograph at issue three times – not twice, as previously understood. We consulted with defense counsel who has consented to the amended filing.

We look forward to discussing these matters with the Court at the May 31, 2024 status conference. Thank You for Your Honor's consideration.

Respectfully submitted,

/s/ *Joseph B. Shumofsky*

Joseph B. Shumofsky

cc:   Counsel for Defendant Dillon Danis (via ECF and Email)