# Sills Cummis & Gross
A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

**Joseph B. Shumofsky, Esq.**
**Member**
**Direct Dial: 973-643-5382**
**Email: jshumofsky@sillscummis.com**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

May 31, 2024

**VIA ECF**
Honorable Michael A. Hammer
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *Nina Agdal v. Dillon Danis*, 23-CV-16873 (MCA)(MAH)

Dear Judge Hammer:

We represent Plaintiff Nina Agdal in the above-referenced matter. We submit this letter in accordance with Paragraph 3 of this Court's Amended Pretrial Scheduling Order [D.E. 48], to raise several discovery disputes between Plaintiff and Defendant Dillon Danis. The first portion of this letter addresses Plaintiff's request that this Court issue an Order to Show Cause against Defendant, consistent with this Court's April 25, 2024 Order, given Defendant's violation of the Order and his ongoing failure to fulfill his discovery obligations. The second portion of this letter addresses Plaintiff's request that this Court overrule Defendant's objections and compel him to respond to specific Requests and Interrogatories, or in several instances to cure his evasive and inadequate Interrogatory Answers. We have conferred with Defendant's counsel about these disputes several times, and, although Defense counsel has indicated a willingness to try and

Sills Cummis & Gross
A Professional Corporation

Honorable Michael Hammer
May 31, 2024
Page 2

obtain the requested documents and information from Defendant, he has been unsuccessful in doing so and has declined to withdraw any of Defendant's underlying objections as he continues to make those attempts.

> **I. This Court should issue an Order to Show Cause why sanctions should not be imposed against Defendant given his violation of the Court's April 25, 2024 Order and his ongoing failure to fulfill his discovery obligations.**

Plaintiff served Defendant with her First Requests for Production of Documents more than six months ago, on November 16, 2023. Defendant served written responses and objections to those Requests on February 9, 2024. Defendant did not object to the following Requests, but instead agreed to conduct a reasonable search and produce any non-privileged documents responsive to the Requests:

| RFP No. 6 | All communications You received asking You to stop making social media posts about Plaintiff. |
|---|---|
| RFP No. 13 | All communications between You and Andrew Tate that relate to Plaintiff, including but not limited to messages to and from the X username @cobratate. |
| RFP No. 14 | All communications between You and Adin Ross that relate to Plaintiff, including but not limited to the live stream on September 3, 2023 referred to in Paragraph 51 of the Amended Complaint. |
| RFP No. 15 | Documents and communications sufficient to identify any ad revenue You earned or received from any social media platform between August 1, 2023 and October 14, 2023, the date of the Fight. |
| RFP No. 16 | All communications between You and Misfits Boxing that relate to Your social media posts about Plaintiff. |

Sills Cummis & Gross
A Professional Corporation

Honorable Michael Hammer
May 31, 2024
Page 3

| **RFP No. 17** | All notifications You received from any social media platforms between August 1, 2023 and October 14, 2023, the date of the Fight, imposing any restrictions on Your account as a result of Your posts about Plaintiff. |
|---|---|
| **RFP No. 18** | Any documents and communications relating to notifications You received from any social media platforms between August 1, 2023 and October 14, 2023, the date of the Fight, imposing any restrictions on Your account as a result of Your posts about Plaintiff. |

Given Defendant's prolonged failure to produce any materials whatsoever, on April 23, 2024, Plaintiff filed a letter with this Court and requested that this Court impose a deadline for Defendant's compliance. [D.E. 53]. On April 25, 2024, this Court entered the following Order:

> The Court has reviewed Plaintiff's April 23, 2024 letter [D.E. 53] concerning Defendant's failure to produce outstanding discovery. The Court notes that Plaintiff's initial requests were served on Defendant on November 16, 2023, and the second requests were served on March 13, 2024. Accordingly, Defendant must produce ALL outstanding discovery responses by May 10, 2024. The Court will not further extend this deadline, and the Court respectfully asks that Defense counsel specifically instruct Defendant that failure to comply with the foregoing may result in the issuance of an Order to Show Cause as to why sanctions should not be imposed pursuant to Federal Rules of Civil Procedure 16(f) and 37. In view of the delay in production of Defendant's discovery, the deadline to raise disputes concerning written discovery is extended until June 14, 2024. The next telephone conference shall proceed as scheduled on May 31, 2024 at 12:00 p.m. So Ordered by Magistrate Judge Michael A. Hammer on 4/25/2024.

D.E. 54.

Defendant failed to comply with the Order, and he still has not fulfilled his production obligations as of the filing of this letter. Significantly, Defendant has yet to produce **any** emails,

Sills Cummis & Gross
A Professional Corporation

Honorable Michael Hammer
May 31, 2024
Page 4

text messages, or messages sent or received on X (where the offending social media posts were made) or WhatsApp (which we understand is his preferred method of communication). Although Defendant made a small production on May 12, 2024 – a production that was, itself, after the Court-ordered deadline – it was limited to communications he had sent or received on Instagram or Facebook. Moreover, none of the documents that were produced on May 12 were even responsive to any of the above Requests.

Defendant's discovery violations and his disregard for the Court's authority continue to delay this case and prejudice Plaintiff's ability to prosecute her claims. At this juncture, Plaintiff requests that this Court require Defendant to appear in person pursuant to an Order to Show Cause why sanctions should not be imposed against him. Plaintiff submits this Court should treat Defendant's violations as contempt of Court and impose a daily fine of $1,000 per day until Defendant purges his non-compliance. *See Andrews v. Holloway*, 256 F.R.D. 136, 140–41 (D.N.J. 2009) ("Civil contempt is a means by which the Court may, if necessary, ensure that its discovery orders are obeyed. It vindicates the District Court's authority over a recalcitrant litigant.") (internal citations and quotation marks omitted); *Int'l Plastics & Equip. Corp. v. Taylor's Indus. Servs., LLC*, 2011 WL 1399081, *9 (W.D. Pa. Apr. 12, 2011) (explaining that "[f]ailure to respond to a court order directing [discovery responses] is an act sufficiently egregious to result in the imposition of a daily fine," and proceeding to impose a fine of $1,000 per day "until complete and substantive responses to the discovery" were provided).

Sills Cummis & Gross
A Professional Corporation

Honorable Michael Hammer
May 31, 2024
Page 5

This Court also should issue a warning to Defendant that continued non-compliance may result in more severe sanctions, including the striking of his affirmative defenses and/or the entry of a default judgment in Plaintiff's favor. *See* Fed. R. Civ. P. 37(b)(2); *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 102 (D.N.J. 2006) (finding Defendants' "flagrant disregard of the adversary and the Magistrate Judge's Orders warrant strong sanctions" under Federal Rule 37).

Pursuant to Federal Rules 16(f)(2) and 37(b)(2)(C), Plaintiff further requests that this Court order Defendant to pay the reasonable attorney's fees and costs she has incurred as a result of her efforts to obtain Defendant's overdue discovery, as Defendant's non-compliance is not substantially justified and there are no circumstances that would make such an award unjust. *See Aktas v. Mint Enters. LLC*, 2022 WL 11705208, *5 (D.N.J. Oct. 20, 2022) (awarding attorney's fees and costs against Defendants as a result of their failure to abide by discovery order).

**II. This Court should overrule Defendant's objections and compel Defendant to produce documents and information responsive to Plaintiff's Requests and Interrogatories.**

In addition to Defendant's failure to fulfill his basic discovery obligations and comply with the April 25 Order (as set forth above), Defendant objects to the following Requests and Interrogatories (or, in the case of several Interrogatories, Defendant has provided inadequate and evasive answers). This Court should overrule Defendant's objections and compel him to provide full and complete responses to the discovery.

Sills Cummis & Gross
A Professional Corporation

Honorable Michael Hammer
May 31, 2024
Page 6

### A. Plaintiff's Requests for Production of Documents

| RFP. No. 1 | All documents and communications that relate to Your social media posts about Plaintiff. |
|---|---|
| RFP No. 21 | All communications to or from You that relate to Plaintiff. |

Defendant objects to Request Nos. 1 and 21 as vague and ambiguous.[1] These objections should be overruled. Starting in early August 2023, Defendant carried out a relentless campaign of cyber harassment and bullying against Plaintiff, during the course of which he made hundreds of crude and offensive posts about her on social media – including the posts underlying Plaintiff's causes of action. Defendant claims the posts at issue were made for the purpose of promoting his boxing match with Plaintiff's fiancé. Among other affirmative defenses, Defendant argues Plaintiff cannot establish that his posts were made with actual malice or that he recklessly disregarded whether Plaintiff consented to the disclosure of the explicit photograph of her that he posted.

Given Defendant's knowledge and mindset in posting about Plaintiff are directly at issue in the case, the targeted discovery is relevant to the Parties' claims and defenses. More to the point of the objections, however, the above context also demonstrates why the Requests are neither vague nor ambiguous: Prior to August 2023, Defendant had never posted about Plaintiff (and likely, did not even know who she was). Considering the temporal scope of the Requests, which only cover the few-month period of August 1, 2023 to October 14, 2023 (the date of the

---

[1] During the Parties' conferrals, Defendant's counsel has expressed a willingness to revisit these particular objections once he receives and is able to search his client's data – which as explained above, he has not been unable to do. Until then, he is maintaining his objections, necessitating this letter.

Sills Cummis & Gross
A Professional Corporation

Honorable Michael Hammer
May 31, 2024
Page 7

fight), any Defendant's communications discussing Plaintiff at all are going to "relate to Plaintiff" or to Defendant's "social media posts about Plaintiff" within the meaning of the Requests, as there is no other context in which her name would have arisen.  Moreover, Plaintiff has proposed search terms for identifying the responsive documents and shared them with Defense counsel to facilitate any search of Defendant's communications.

Additionally, the need for this particular discovery is underscored by the unreliability of Defendant's sworn Interrogatory Answers (even putting aside Defendant's refusal to take this judicial process seriously and his continued mocking of the litigation).  For example, among the Interrogatories, Defendant was asked who else other than he participated in contributing to his posts about Plaintiff, and he answered there was nobody else. Even in the very limited subset of materials that Defendant has produced, that representation has been proven false, as several message strings reveal he was collaborating with other individuals to create his content.

**B.      Plaintiff's Interrogatories**

| **Interrogatory No. 1 (First Set)** | Identify all social media accounts on which You have posted content relating to Plaintiff or caused such content to be posted. |
|---|---|

Defendant answered Interrogatory No. 1 by stating: "Twitter, Instagram and Snapchat." Plaintiff submits that response does not answer the Interrogatory because Defendant did not identify the specific accounts from which he posted – only the platforms.  The significance of this failure is illustrated by the fact that, in the course of this case, Plaintiff independently developed suspicion that Defendant was operating another X account that masked his affiliation

**Sills Cummis & Gross**
A Professional Corporation

Honorable Michael Hammer
May 31, 2024
Page 8

with the account, @mmaomally23. When asked about that account during the conferral process, Defendant's counsel confirmed that it belongs to Defendant. Plaintiff thereafter learned that @mmaomally23 had also posted the nonconsensual explicit photograph at issue in this case in August 2023, giving rise to another violation of the 2022 Violence Against Women Act Reauthorization (which will form the basis of a forthcoming proposed amendment to Plaintiff's Complaint). Plaintiff is entitled to know all of the accounts from which Defendant has posted about her to fully understand the scope of his conduct, and he should be compelled to provide that information.

| **Interrogatory No. 6(a) (First Set)** | Identify when and how You came into possession of each of the following: (a) The Explicit Photograph; . . . . |
|---|---|

Defendant answered Interrogatory No. 6(a) by incorporating his answer to another Interrogatory, in which he disclosed that he had generally obtained content about Plaintiff through "Google searches on the Internet and Twitter searches/posts." Plaintiff submits that answer is inadequate and evasive. Defendant has indicated that one of his defenses is that he was merely posting photographs already in the public domain, which cannot give rise to a violation of the Violence Against Women Act. Although Plaintiff refutes the viability of that defense, given Defendant's argument, she is entitled to know exactly where he found the photograph, and Defendant should be compelled to provide that information with specificity.

Sills Cummis & Gross
A Professional Corporation

Honorable Michael Hammer
May 31, 2024
Page 9

| **Interrogatory No. 3 (Second Set)** | Explain how you came into possession of the video recording of Plaintiff posted from your X account on September 23, 2023, which is identified in Paragraph 3 of Appendix A, and why you deleted that post in particular. |
|---|---|

Defendant objects to Interrogatory No. 3 as irrelevant to the claims and defenses in this case. Plaintiff disagrees. Plaintiff alleges in the Amended Complaint that some of the content about Plaintiff that Defendant posted in the course of his harassment campaign was not publicly available, but rather was obtained through the hacking of her devices. *See* Am. Compl. at ¶¶ 24–26. In support of these allegations, Plaintiff filed the Declaration of Quincy Bahler, a partner at an intelligence and security consulting firm, Sourced Intelligence. *See* D.E. 1-4. The video in the referenced post is one example of the unauthorized access to Plaintiff's devices, as it was content hacked from her Snapchat archive. The information requested in this Interrogatory is well within the broad scope of discovery for a variety of reasons, including that it targets information needed to better understand the scope of Defendant's conduct. *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999) ("It is well recognized that the federal rules allow broad and liberal discovery."). Moreover, depending on the circumstances, Defendant's posting of hacked content would undermine his defense that he was only posting material he found through Internet searches (and, relatedly, his defense that his conduct does not evince reckless disregard for whether Plaintiff "consented" to his posts). *Wyeth v. Abbott Labs.*, 2011 U.S. Dist. LEXIS 63409, at *10 (D.N.J. June 13, 2011) ("Pursuant to Rule 26(b)(1) . . . '[p]arties may obtain discovery regarding any

Sills Cummis & Gross
A Professional Corporation

Honorable Michael Hammer
May 31, 2024
Page 10

nonprivileged matter that is relevant to any party's claim or defense.'") (quoting Fed. R. Civ. P.

26(b)(1)).

        Thank You for Your Honor's consideration of these requests.

        Respectfully submitted,

        /s/ *Joseph B. Shumofsky*

        Joseph B. Shumofsky

cc:    Counsel for Defendant Dillon Danis (via ECF and Email)