

433 Hackensack Avenue, Ste. 1002
Hackensack, New Jersey 07601
t: 201.441.9056
f: 201.441.9435
www.hdrbb.com

New York Office
1270 Avenue of the Americas, Ste. 816
New York, New York 10020
t: 212.344.4619

Short Hills Office
830 Morris Turnpike, Ste. 304
Short Hills, New Jersey 07078
t: 973.467.1325

Rockland Office
2 Executive Boulevard, Ste. 300
Suffern, New York 10901
t: 845.357.7900

Miami Office
8821 SW 69th Court
Miami, Florida 33156
t: 305.419.2936

August 26, 2024

**VIA ECF**

Honorable Michael A. Hammer
United States District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

      **Re:** *Agdal v. Danis*
           **Civil No. 23-16873 (MCA) (MAH)**

Dear Judge Hammer:

    Please accept this letter, on behalf of Defendant Dillon Danis, in response to Plaintiff's August 23, 2024 letter, which was submitted in advance of a telephonic status conference scheduled for tomorrow. The current status is that Mr. Danis has complied with the Court's July 11, 2024 discovery order.

    Plaintiff's letter is devoted to expressing their outrage regarding what they consider to be possible spoliation of Mr. Danis' text messages and they ask the Court to engage in an inquiry regarding the same. It was not my intention to have Mr. Danis attend the conference call, nor is a conference call a convenient medium for an evidentiary hearing. In any event, it seems a better use of everyone's time for Plaintiff's counsel to engage in their own evidentiary inquiry before imposing on the Court. In particular, the Court should direct the parties to conduct party depositions. If, thereafter, Plaintiff chooses to pursue the issue, at least there will be a factual record before the Court so it can determine whether there has been any intentional misconduct and whether Plaintiff has suffered any prejudice.

                                        Respectfully yours,

                                        Mark A. Berman

cc: All Counsel of Record (via ECF)