# Sills Cummis & Gross

### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey  07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

**Joseph B. Shumofsky, Esq.**
**Member**
**Direct Dial: 973-643-5382**
**Email: jshumofsky@sillscummis.com**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

September 12, 2024

<u>**VIA ECF**</u>
Honorable Michael A. Hammer
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

     **Re:** ***Nina Agdal v. Dillon Danis***, **23-CV-16873 (MCA)(MAH)**

Dear Judge Hammer:

  We represent Plaintiff Nina Agdal. We are in receipt of Mr. Berman's motion to withdraw as counsel for Defendant Dillon Danis. Plaintiff takes no position on the Motion but requests that, before Your Honor rules on the Motion, the Court schedule an in-person status conference at which defendant must appear. The purpose of this conference would be to inquire about the circumstances underlying the Motion and whether Mr. Danis intends to engage substitute counsel, and, if not, to address the unique implications of Defendant proceeding *pro se* in this matter, especially given his litigation conduct to date.

  This matter stems from Defendant's relentless campaign of cyber harassment and bullying against Plaintiff, through which he attacked Plaintiff numerous times on social media, including by posting a nonconsensual sexually explicit photograph of her and by threating to post additional offensive content of Plaintiff. Defendant's conduct has continued even after this lawsuit was filed. Because of Defendant's harassing conduct, the Parties entered into a Confidentiality Agreement that includes an "Attorney's Eyes Only" provision to protect Plaintiff's sensitive information (including health records and information bearing on the distress that Defendant's conduct caused) from being provided directly to Defendant.

  Setting aside Plaintiff's concerns with Mr. Danis having direct access to her sensitive information given the conduct that gives rise to her claims against him, Plaintiff also is concerned that Defendant's litigation conduct – including his lack of communication with

**Sills Cummis & Gross**
A Professional Corporation

Honorable Michael Hammer
September 12, 2024
Page 2

counsel and his ongoing failure to abide by multiple Court orders (as ser forth in the motion to withdraw) – is motivated by a desire to stymy and delay Plaintiff's ability to prosecute her case. Discovery is ongoing, with several depositions set in the coming weeks, including a nonparty deposition on September 16 and Defendant's initial deposition on October 8. Plaintiff submits that, if Defendant will proceed without counsel, this Court first should impress upon him his continuing discovery obligations, including the duty to preserve any records or information related to the allegations in the Second Amended Complaint, and of the potential sanctions for not complying with those obligations or not taking this proceeding seriously.

Additionally, Plaintiff asks that, at the conference, this Court require Defendant to provide, under oath, the information that was ordered to be set forth in a status report/declaration, pursuant to the Court's September 3 and 10, 2024 Orders. And, finally, consistent with the September 10, 2024 Order, Plaintiff requests that this Court issue an Order to Show Cause as to why this Court should not impose sanctions against Mr. Danis, based on his failure to comply with the Court's prior Orders.

Thank You for Your Honor's consideration of this request.

Respectfully submitted,

/s/ *Joseph B. Shumofsky*

Joseph B. Shumofsky

cc:     Counsel for Defendant Dillon Danis (via ECF)