

433 Hackensack Avenue, Ste. 1002
Hackensack, New Jersey 07601
t: 201.441.9056
f: 201.441.9435
www.hdrbb.com

New York Office
1270 Avenue of the Americas, Ste. 816
New York, New York 10020
t: 212.344.4619

Short Hills Office
830 Morris Turnpike, Ste. 304
Short Hills, New Jersey 07078
t: 973.467.1325

Rockland Office
2 Executive Boulevard, Ste. 300
Suffern, New York 10901
t: 845.357.7900

Miami Office
8821 SW 69th Court
Miami, Florida 33156
t: 305.419.2936

April 28, 2025

**VIA ECF**

Hon. Michael A. Hammer
United States Magistrate Judge
50 Walnut Street
Newark, New Jersey 07101

      Re:    *Agdal v. Danis*
                Civil No. 23-16873 (MCA)(MAH)

Dear Judge Hammer:

      Please accept this letter in response to Plaintiff's April 23, 2025 letter asking the Court to compel Defendant to provide them with the password to his old mobile telephone and to produce materials responsive to Plaintiff's Second Set of Requests for Production of Documents.

      With respect to the mobile telephone, counsel's understanding is that Mr. Danis does not recall the password to his old mobile telephone. The password referenced at page 123 of Mr. Danis' deposition transcript is the password for his replacement mobile telephone and iCloud account, which undersigned counsel reviewed; responsive materials were produced to Plaintiff. As indicated in Plaintiff's letter, it was understood that if the old telephone could be resurrected, nothing would happen until search protocols were agreed upon as it would be unfairly intrusive for a stranger to have access to, and to review, Mr. Danis' telephone, which contains a significant amount of very personal, non-responsive material, as counsel is aware from having reviewed Mr. Danis' current mobile telephone. Therefore, if the telephone can be accessed then it should be returned to Defendant's counsel to attempt to access it and, if successful, to review any material on the telephone for relevance.

      With respect to Plaintiff's Second Set of Requests for Production of Documents, Plaintiff's counsel continues to treat Mr. Danis as if he were a Fortune 500 corporation. My understanding is that Mr. Danis does not possess documents regarding his internet searches, his data retention settings on his iPhone, or repair records. Plaintiff's counsel took Mr. Danis' deposition and had the opportunity to ask him about it. To the extent Plaintiff seeks documents that are not in Mr. Danis' possession, they can subpoena them from third parties.

      Finally, none of this information is relevant to the issues in this case, specifically, whether Mr. Danis knew that the at-issue photo of Plaintiff was taken without her consent, or otherwise acted with reckless disregard of whether it was taken without consent. That picture was – and continues to be – available on the internet, along with a plethora of other nude and semi-nude photos of Plaintiff that, as Plaintiff admitted at her deposition, were taken *with* her consent. Under such circumstances, there is no basis for a reasonable jury to conclude that Mr. Danis – or anyone else – would have any reason to believe that this was *the one photo* of Plaintiff available on the Internet that was taken without her consent. No amount of internet search history or iPhone repair records is going to change that.

Hon. Michael A. Hammer, U.S.M.J.
April 28, 2025
Page 2

      Plaintiff cannot articulate what she expects to find on Mr. Danis' old telephone that they have not already obtained through FaceBook, What's App, and other third-party subpoenas. For these reasons, the Court should deny Plaintiff's request.

                                                                         Respectfully yours,

                                                                           Mark A. Berman, Esq.

cc: All Counsel of Record (via ECF)