# Sills Cummis & Gross
A Professional Corporation

101 Park Avenue, 28th Floor
New York, New York 10178
Tel: (212) 643-7000
Fax (212) 643-6500

The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Tel: (973) 643-7000
Fax: (973) 643-6500

**Joseph B. Shumofsky**
**Member**
**Admitted In NJ, NY**
**Direct Dial:  973-643-5382**
**Email:**
**jshumofsky@sillscummis.com**

222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Tel: (561) 693-0440
Fax: (561) 828-0142

September 3, 2025

<u>**VIA ECF**</u>
Honorable Michael A. Hammer
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    *Nina Agdal v. Dillon Danis*, 23-CV-16873 (MCA)(MAH)

Dear Judge Hammer,

Pursuant to the Court's August 26, 2025 Order requiring the Parties to submit a joint status report on the Parties' progress in discovery, *see* Dkt. No. 96, the Parties state as follows:

### A.  The Status of Plaintiff's Discovery Efforts

On April 29, 2025, the Court ordered Defendant to produce the correct password to his dead/damaged cellphone, ordering that, in the event Defendant failed to do so, he would be required to sit for a (second) supplemental deposition concerning his passwords, the means of accessing his phone, what happened to the phone, his data retention settings, and other then-pending discovery matters. *See* Dkt. No. 95.  Defendant failed to provide the password as ordered, instead offering a list of more than ten 4-digit passwords for Plaintiff to try – even though his phone required a 6-digit password.  As a result, Plaintiff conducted a supplemental deposition of Defendant on July 17, 2025, at which he claimed he was unable to remember the password to his phone.  The result is that Plaintiff was never able to access the dead phone. Plaintiff reserves the right to renew and supplement her motion for sanctions based on spoliation and/or failure to preserve evidence, which previously was denied without prejudice as premature in February 2025. *See* Dkt. No. 91.  Plaintiff anticipates assessing the appropriateness of renewing this motion at the close of fact discovery.

Sills Cummis & Gross
A Professional Corporation

Honorable Michael A. Hammer
September 3, 2025
Page 2

      Plaintiff has served (and in one case is in the process of serving) non-parties with deposition and/or document subpoenas. These non-parties include: (1) Brandon Danis, Defendant's brother; (2) Audie Attar, Defendant's former manager and the current CEO of Defendant's management firm Paradigm Sports, and (3) Daniel Keem, a YouTuber whom Defendant is known to have communicated with in writing about the conduct at issue in this case. To date, Brandon Danis (who resides in New Jersey) has ignored his subpoena. Plaintiff intends to move to enforce the subpoena imminently in the event he does not comply or contact the undersigned about his obligations. As for Attar, his deposition currently is scheduled for September 16, 2025, pursuant to his subpoena. A document and deposition subpoena also has been issued to Keem, and service attempts are underway.

      Additionally, in January 2025, non-party X was ordered by the United States District Court for the Northern District of California to comply with a non-party subpoena that Plaintiff served upon X in this case, in which Plaintiff sought the subscriber information associated with the X account @notamod921. *See In re Subpoena to X Corp.*, Case No. 3:24-MC-80266 (N.D. Cal.). Defendant had identified this X account in discovery as the source of certain private content he had posted of Plaintiff that Plaintiff alleges was obtained via the hacking of her Snapchat account. *See* Dkt. No. 60, Compl. at ¶¶ 24-27. Through additional investigation, Plaintiff was able to use the subscriber information produced by X to identify the individual behind the X account. Plaintiff currently is in discussions with this individual, who is based in the UK, about providing remote testimony in this case.

      Relevant to the discovery that Plaintiff seeks from non-party Keem, in particular, and relevant to the overall status and progress of the case, Plaintiff recently learned in discovery of facts that support a forthcoming request to amend the Complaint to add two additional counts: (1) a count for an additional violation of the Violence Against Women Act based on Defendant sharing the nonconsensual explicit photograph of Plaintiff with Keem in August 2023 and asking Keem to post it publicly, and (2) one additional count for defamation, based on Defendant's conduct in twice publishing to his X account videos in which an online influencer named Hassan Haider recounted a false narrative about having had a sexual relationship with Plaintiff in a public bathroom in exchange for Haider giving her illicit drugs. The evidence uncovered in discovery shows that, during his harassment campaign, Defendant agreed to repost these videos in exchange for payment even after Haider told Defendant that he had fabricated the encounter described in the videos. Having only just learned about the factual basis for these counts, Plaintiff intends to move for leave to add these two counts by Monday, September 8. Plaintiff does not anticipate either count materially impacting the progress of this case.

      Last month, Plaintiff served Defendant with supplemental interrogatories, by consent of opposing counsel, primarily focusing on seeking information sufficient to identify individuals with whom Defendant was communicating in certain, specifically identified X messages that relate to the issues in this case. The supplemental interrogatories were necessary because the X image produced in this case shows the substance of communications but anonymizes accounts

**Sills Cummis & Gross**
A Professional Corporation

Honorable Michael A. Hammer
September 3, 2025
Page 3

other than Defendant's.  Those interrogatories are pending.  Plaintiff intends to coordinate Defendant's deposition on liability for October or early November 2025.  Upon the close of fact discovery, Plaintiff intends to make an expert disclosure, as well.

In the event the Court is inclined to impose a discovery deadline at this juncture, Plaintiff proposes a fact discovery deadline of December 31, 2025, a deadline that is agreeable to Defendant, as well.

### B. The Status of Defendant's Discovery Efforts.

During discovery, it was learned that Plaintiff and her then-partner (now husband) Logan Paul monetized the alleged distress suffered by Plaintiff by filming a reality television show, "Paul American," now streaming on HBO Max.  Plaintiff was paid for participating in the reality television show.  Defendant has served subpoenas (on Logan Paul, HBO Max and, more recently, Boardwalk Pictures) for video of Plaintiff from that program, including edited video, that will be relevant to rebut Plaintiff's claims of emotional injury and distress.  In addition, during Logan Paul's deposition, he testified that he has a personal photographer and videographer who routinely filmed his life, including film recorded and/or used for the Paul American series.  Nevertheless, Logan Paul did not produce any of those materials in advance of his deposition even though they were within the scope of the subpoenas accepted on his behalf by Plaintiff's counsel.  Defendant intends to supplement the subpoena with a demand that Logan Paul produce all images/video of Agdal from his personal photographer/videographer during the relevant time frame.

\* \* \*

Thank You for the Court's consideration of this matter.

Respectfully submitted,

**SILLS CUMMIS & GROSS, P.C.**
/s/ Joseph B. Shumofsky

Joseph B. Shumofsky, Esq.

**NEIMAN MAYS FLOCH & ALMEIDA PLLC**
/s/ Jeffrey A. Neiman
Jeffrey A. Neiman, Esq.
Jason L. Mays, Esq.

**Counsel for Plaintiff Nina Agdal**

**HARTMANN DOHERTY ROSA BERMAN & BULBULIA**
s/ Mark A. Berman
Mark A. Berman, Esq.
Kelly A. Zampino, Esq.

**Counsel for Defendant Dillon Danis**