# Sills Cummis & Gross
A Professional Corporation

101 Park Avenue, 28th Floor
New York, New York 10178
Tel: (212) 643-7000
Fax (212) 643-6500

**Joseph B. Shumofsky**
**Member**
**Admitted In NJ, NY**
**Direct Dial: 973-643-5382**
**Email:**
**jshumofsky@sillscummis.com**

The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Tel: (973) 643-7000
Fax: (973) 643-6500

222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Tel: (561) 693-0440
Fax: (561) 828-0142

September 19, 2025

**VIA ECF**
Honorable Michael A. Hammer, U.S.M.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:   *Nina Agdal v. Dillon Danis*, 2:23-CV-16873 (MCA)(MAH)
             **Motion to Compel Brandon Danis to Comply with Subpoena**

Dear Judge Hammer,

    We represent Plaintiff Nina Agdal ("Plaintiff") in the above-captioned matter. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff seeks to enforce a subpoena for documents and testimony (the "Subpoena") that she served upon Defendant Dillon Danis's brother, non-party Brandon Danis ("Brandon").[1]

    Although Brandon was personally served with the Subpoena at the address where he was residing within this District on August 16, 2025,[2] to date he has ignored the Subpoena and failed to contact the undersigned about his compliance obligations. As such, Plaintiff requests an Order compelling his compliance.[3]

---

[1] Exhibit A, Subpoena to Brandon Danis.

[2] Exhibit B, Affidavit of Service.

[3] Although Plaintiff will make reasonable efforts to formally serve Brandon with notice of this motion, Plaintiff requests that Defendant provide a copy of this motion to his brother, as well, to ensure his brother's knowledge of it.

Sills Cummis & Gross
A Professional Corporation

Honorable Michael A. Hammer, U.S.M.J.
September 19, 2025
Page 2

### I. Background

The claims in this action arise from certain social media posts that Defendant Dillon Danis ("Defendant") made about Plaintiff during a months-long campaign of cyber harassment and bullying against her between August and October 2023. In the lead up to a boxing match between Defendant and Plaintiff's then-fiancé and now-husband, non-party Logan Paul, Defendant attacked Plaintiff by making hundreds of crude and offensive posts about her on X and Instagram. In several of those posts, Defendant repeatedly posted an explicit photograph of Plaintiff that had been taken nearly a decade earlier by a non-party without Plaintiff's consent. In a separate post, Defendant falsely claimed that Plaintiff has HIV. Together, these posts give rise to Plaintiff's claims against Defendant for violations of the 2022 Violence Against Women Act Reauthorization, 15 U.S.C. § 6851, invasion of privacy, defamation, and false light.[4]

Plaintiff issued the Subpoena to Defendant's brother Brandon because the evidence developed in this case shows he likely possesses documents and information that are relevant to the dispute. As an initial matter, Defendant specifically identified Brandon as an individual with knowledge of the timing and circumstances surrounding his dead cellular phone, which has been the subject of supplemental, Court-authorized discovery. For example, Defendant testified at his July 17, 2025 deposition that Brandon is the person who purchased a replacement phone for him after his phone died.[5] Moreover, following that deposition, Defendant's counsel produced a voicemail that an Apple representative purportedly left for Brandon, in which the representative informed Brandon that the iPhone was ready to be picked up.

As it relates to the claims and defenses in this case, other evidence strongly suggests that Brandon is likely to possess knowledge probative of Defendant's mindset and his motivation for posting about Plaintiff on social media—which is important given that the issue of whether Defendant carried out the offending conduct with the requisite intent is in dispute in this case. At his October 8, 2024 deposition, Defendant testified he has a close relationship with his brother and would communicate with him during the relevant period (including via text message) about his upcoming fight with Paul.[6] Defendant's manager separately testified that he recalls Brandon helping Defendant put together walk-out music for the fight that mocked Plaintiff — audio that the promoter of the fight refused to let Defendant actually use.[7]

---

[4] Contemporaneous to this motion, Plaintiff also is filing a motion seeking leave to file a Third Amended Complaint that adds additional claims for (i) violating the 2022 Violence Against Women Act Reauthorization, (ii) defamation, and (iii) false light.

[5] Exhibit C, Excerpt from Transcript of the July 17, 2025 Deposition of Dillon Danis at 267-69.

[6] Exhibit D, Excerpt from Transcript of the October 8, 2024 Deposition of Dillon Danis at 158-61.

[7] Exhibit E, Excerpt from Transcript of the July 15, 2024 Deposition of John Meehan, at 182-89.

Sills Cummis & Gross
A Professional Corporation

Honorable Michael A. Hammer, U.S.M.J.
September 19, 2025
Page 3

    At Defendant's July 17, 2025 deposition, Defendant testified that Brandon was currently living with him at an address within the District of New Jersey.[8] Accordingly, after that deposition, Plaintiff issued a Subpoena to Brandon and hired a process server to serve Brandon at that address.[9] The process server successfully served Brandon in person at the address on August 16, 2025, and provided the undersigned with an affidavit attesting to this service.

    The Subpoena sought the following documents from July 1, 2023, through the present:

1. All communications with Danis or his representatives that refer or relate to:
   a. Danis's social media posts about Agdal;
   b. Agdal;
   c. Paul;
   d. Danis's use or claimed use of social media to promote the Fight;
   e. The Status of the Fight;
   f. Danis's actual or contemplated walk-out music or audio for the Fight; or
   g. The Action.

2. All documents and communications that refer to or relate to Agdal or Danis's social media posts about Agdal.

3. All documents and communications that refer to or relate to the Action.

4. All documents and communications that refer to or relate to the status of Danis's cellular phone, including but not limited to discussions about whether his phone had died, stopped working, or about his need or desire to get a new phone.

    The Subpoena demanded that Brandon produce any responsive documents by August 22, 2025, and set a remote deposition for one week later, on August 29, 2025.[10] To date, however,

---

[8] Exhibit C, at 206-07.

[9] The address where Brandon was served is within this District and, as such, is "the district where compliance is required" for purposes of moving to enforce the Subpoena under Rule 45(d)(2)(B).

[10] The relatively short turnaround time between the date of service of the Subpoena and the date for compliance was because the first several service attempts were unsuccessful, and, by the time Brandon was served, the compliance deadline was more imminent. Regardless, Plaintiff never considered the deadlines in the Subpoena to be inflexible, and consistent with standard practice, would have been willing (and remains willing) to coordinate an agreeable timeframe for compliance had Brandon ever responded and requested alternative compliance dates.

**Sills Cummis & Gross**
A Professional Corporation

Honorable Michael A. Hammer, U.S.M.J.
September 19, 2025
Page 4

Brandon has chosen to ignore the Subpoena altogether and has failed to contact the undersigned about his obligations under the Subpoena.[11]

### II. Standard

Where a non-party fails to respond to a subpoena, Federal Rule 45 provides the party who served the subpoena the means to move for "an order compelling production" of the documents or information requested. *See* Rule 45(d)(2)(B)(i);[12] *see also Pearce v. Emmi*, 2017 WL 528254, *2 (E.D. Mich. Feb. 9, 2017) ("If the party served with the subpoena objects or fails to respond, Rule 45 provides the party who served the subpoena the means to file a motion to compel."); *see generally Kwanzaa v. Brown*, 2008 WL 11639045, at *3 n.2 (D.N.J. Mar. 10, 2008) (indicating that, if a non-party fails to provide discovery in accordance with the Federal Rules of Civil Procedure, a party may file a motion to compel discovery under Rule 45). The permissible scope of discovery under a Rule 45 subpoena is the same as under Rule 26(b). *See Blum v. Positive Phys. Ins. Co.*, 2021 WL 5404882, *3 (D.N.J. Aug. 17, 2021). Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b). "Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage." *CDK Global, LLC v. Tulley Auto. Grp., Inc.*, 2018 WL 4259843, at *2 (D.N.J. June 28, 2018) (internal citation omitted).

### III. Argument

The Court should compel Brandon to comply with the Subpoena. Brandon failed to raise any timely objections to the Subpoena and, therefore, has waived any such objections. *See Rucker v. Hunterdon Med. Ctr.*, 2024 WL 4827331, *2 (D.N.J. Nov. 19, 2024) ("A non-party responding to a subpoena must serve on the requestor any objections 'before the earlier of the time specified for compliance or 14 days after the subpoena is served.' The failure to serve timely objections . . . may constitute a waiver of any such objections.") (quoting Rule 45(d)(2)(B)). In any event, the Subpoena is not objectionable; it is tailored toward obtaining Brandon's documentary and testimonial evidence about the specific issues in this case.

The documents sought in the Subpoena are temporally and substantively limited to documents relating to the subject matter of this litigation (Defendant's harassment of Plaintiff,

---

[11] Because Brandon did not produce materials or otherwise contact the undersigned to acknowledge and coordinate compliance, the undersigned had no way of providing him with the link to the remote deposition contemplated in the Subpoena.

[12] Also, under Rule 45(g), "[t]he Court may hold a person in contempt for failing to comply with a properly served subpoena if the recipient does not have an adequate excuse and the subpoena does not require a nonparty to produce documents more than 100 miles from his or her place of residence or employment." *Lee v. Hanok 18, LLC*, 2023 WL 12117928, *1 (D.N.J. Apr. 14, 2023) (enforcing subpoena against non-party who failed to respond).

**Sills Cummis & Gross**
A Professional Corporation

Honorable Michael A. Hammer, U.S.M.J.
September 19, 2025
Page 5

including Defendant's claims to have been promoting his fight with Paul through his posts about Plaintiff) and Defendant's dead cellular phone (which he used to make the posts at issue). As such, the Subpoena is not overbroad and does not impose an undue burden or significant compliance costs. Nor is there anything unduly burdensome about Brandon having to sit for a limited deposition (by Zoom, for added convenience) on the same topics. Moreover, the need to obtain evidence directly from Brandon, as a non-party, is heightened by Defendant's failure to preserve his own text messages from the relevant period, which similarly explains why the discovery sought is neither cumulative nor duplicative.

### IV. Conclusion

For the foregoing reasons, Plaintiff asks that this Court enter an Order compelling Brandon to comply with the Subpoena by ordering that he (i) produce any responsive materials in his possession within 14 days of the Court's Order, and (ii) sit for a deposition on a mutually agreeable date within 30 days of the Court's Order. Plaintiff requests that the Order inform Brandon that failure to comply may result in sanctions, including contempt under Rule 45(g). Although Plaintiff will make reasonable efforts to formally serve Brandon with any such Order, Plaintiff further requests that Defendant be ordered to provide a copy of the Order to his brother, as well, to ensure his brother's knowledge of it.

*     *     *

Thank You for the Court's consideration of this matter.

Respectfully submitted,

**SILLS CUMMIS & GROSS P.C.**

/s/ Joseph B. Shumofsky
Joseph B. Shumofsky, Esq.


**NEIMAN MAYS FLOCH & ALMEIDA PLLC**

/s/ Jeffrey A. Neiman
Jeffrey A. Neiman, Esq.
Jason L. Mays, Esq.

*Counsel for Plaintiff Nina Agdal*