**HARTMANN DOHERTY ROSA BERMAN & BULBULIA**
Limited Liability Partnership    Attorneys At Law

433 Hackensack Avenue, Ste. 1002
Hackensack, New Jersey 07601
t: 201.441.9056
f: 201.441.9435
www.hdrbb.com

New York Office
1270 Avenue of the Americas, Ste. 816
New York, New York 10020
t: 212.344.4619

Short Hills Office
830 Morris Turnpike, Ste. 304
Short Hills, New Jersey 07078
t: 973.467.1325

Rockland Office
2 Executive Boulevard, Ste. 300
Suffern, New York 10901
t: 845.357.7900

Miami Office
8821 SW 69th Court
Miami, Florida 33156
t: 305.419.2936

October 6, 2025

**VIA ECF**

Honorable Michael A. Hammer
United States Magistrate Judge
United States District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

    Re: *Agdal v. Danis*
       Civil No. 23-16873 (MCA)(MAH)

Dear Judge Hammer:

  On behalf of Defendant Dillon Danis, undersigned counsel objects to the final paragraph of Plaintiff's proposed "Order Granting Plaintiff's Motion to Compel Brandon Danis to Comply with Subpoena," which would impose upon counsel an obligation to make reasonable efforts to serve Brandon Danis with a copy of the Court's Order. I do not know, have never met, and have never spoken with Brandon Danis. Moreover, Dillon Danis is not his brother's keeper: One assumes that Brandon Danis is an adult responsible for his own actions. It is not Dillon Danis' obligation to effect service on his own brother for the benefit of Plaintiff. Stated otherwise, it is not reasonable to usurp Defendant's counsel or Defendant to alleviate Plaintiff's burden of complying with the Federal Rules of Civil Procedure and due process vis-à-vis a third party. Nor is it proper for Plaintiff's counsel to demand that the Court instruct me to communicate with my client in any way with respect to their subpoena to Brandon Danis, or the proposed Order, as that would constitute an improper interference in the attorney-client relationship.

  Defendant's counsel has not objected to the subpoena to Brandon Danis and wishes Plaintiff's counsel godspeed in attempting to obtain compliance with it. The final paragraph of Plaintiff's proposed order, however, is inappropriate and, therefore, the Court should strike it.

            Respectfully submitted,

            Mark A. Berman, Esq.

cc: All Counsel of Record (via ECF)