# Sills Cummis & Gross

A Professional Corporation

**101 Park Avenue, 28th Floor**
**New York, New York 10178**
**Tel: (212) 643-7000**
**Fax (212) 643-6500**

The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Tel: (973) 643-7000
Fax: (973) 643-6500

**Joseph B. Shumofsky**
**Member**
**Admitted In NJ, NY**
**Direct Dial:  973-643-5382**
**Email:**
**jshumofsky@sillscummis.com**

222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Tel: (561) 693-0440
Fax: (561) 828-0142

November 6, 2025

<u>**VIA ECF**</u>
Honorable Michael A. Hammer, U.S.M.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Re:** *Nina Agdal v. Dillon Danis*, **2:23-CV-16873 (MCA)(MAH)**
**Plaintiff's Motion to Compel Defendant to Answer Interrogatories**

Dear Judge Hammer,

We represent Plaintiff Nina Agdal ("Plaintiff") in the above-captioned matter. Unfortunately, Defendant has continued his well-documented discovery non-compliance in this case, resulting in this letter to the Court.  Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff seeks an order compelling Defendant Dillon Danis to answer Plaintiff's Third Set of Interrogatories, which were served on August 27, 2025 (the "Interrogatories").  *See* **Exhibit 1**, the Interrogatories.

Pursuant to this Court's August 27, 2024 Order, the Parties state as follows:

**A.  Plaintiff's Position**

In July 2025, the undersigned conferred with Defendant's counsel about Plaintiff's intent to seek leave to serve limited supplemental Interrogatories seeking information on several narrow issues that Plaintiff learned about during discovery.  Defendant's counsel obviated the

# Sills Cummis & Gross
### A Professional Corporation

Honorable Michael A. Hammer
November 6, 2025
Page 2

need for Court intervention by consenting to Plaintiff's service of these Interrogatories.[1]   The Interrogatories are limited in scope to the following relevant and discoverable information:

- **Interrogatory 1**:  Seeks the identities (i.e., names and X usernames) of certain individuals with whom Defendant communicated about Plaintiff in specific, identified direct messages on X during the relevant time period.  This Interrogatory is made necessary by the fact that the X image Defendant produced in this case contains the *substance* of Defendant's messages but obscures the identities of other participants.

- **Interrogatory 2**:  Seeks information about the videos that Defendant posted from his X account that form the basis of Counts VIII (Defamation) and IX (False Light) in Plaintiff's Third Amended Complaint.

- **Interrogatory 3**:  Seeks the identities of any individuals with whom Defendant communicated during the time period of his social media activities who claimed to have had a past romantic relationship with Plaintiff (given that in at least one direct message on X Defendant claimed to have received content from "one of [Plaintiff's] exes").

- **Interrogatory 4**:  Seeks context for a direct message in which an individual tells Defendant "we have a deal," and then Defendant asked them "where's the video," in the exact timeframe in which Defendant posted to his X account a video of Plaintiff that had been hacked from her Snapchat account.

- **Interrogatory 5**:  Seeks information about Defendant's current iPhone (i.e., model name, model number, and serial number), which is relevant to Court-authorized supplemental discovery on Defendant's preservation efforts and the timing of when his prior phone supposedly died.

Because the Interrogatories were served on August 27, 2025, Defendant's deadline for answering the Interrogatories was September 26, 2025 pursuant to Federal Rule 33.  Since that time, Plaintiff has been regularly following up with Defendant about the status of his answers but has yet to receive them.  These Interrogatories are neither burdensome nor disproportionate, and, in any event, any objections to these interrogatories have long since been waived.  Given the fact discovery deadline of December 31, 2025 (*see* Dkt. No. 98 at ¶ 2) and given that Plaintiff needs

---

[1] Absent consent, Plaintiff would have sought leave given the limitations on Interrogatories set forth in the Court's Pretrial Scheduling Order. *See* Dkt. No. 33 at ¶ 3.

## Sills Cummis & Gross
A Professional Corporation

Honorable Michael A. Hammer
November 6, 2025
Page 3

the requested information to prepare for Defendant's upcoming deposition on liability, Plaintiff seeks an order compelling Defendant to answer the Interrogatories within seven (7) days.

### B. Defendant's Position

Unfortunately, counsel has been unable to maintain regular communication with Defendant. Counsel's understanding is that Danis has been recently hospitalized but is not able to confirm that. Counsel asks the Court to schedule a status conference far enough in advance so that counsel can file a motion to withdraw as counsel in advance of it in the event Defendant remains non-responsive.

*        *        *

Thank You for the Court's consideration of this matter.

Respectfully submitted,

**SILLS CUMMIS & GROSS, P.C.**

/s/ Joseph B. Shumofsky
Joseph B. Shumofsky, Esq.

**NEIMAN MAYS FLOCH & ALMEIDA PLLC**

/s/ Jeffrey A. Neiman
Jeffrey A. Neiman, Esq.
Jason L. Mays, Esq.

*Counsel for Plaintiff Nina Agdal*

cc:    Counsel for Defendant Dillon Danis (via ECF)