Sills Cummis & Gross
A Professional Corporation
101 Park Avenue, 28th Floor
New York, New York 10178
Tel: (212) 643-7000
Fax (212) 643-6500

The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Tel: (973) 643-7000
Fax: (973) 643-6500

222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Tel: (561) 693-0440
Fax: (561) 828-0142

**Joseph B. Shumofsky**
**Member**
**Admitted In NJ, NY**
**Direct Dial: 973-643-5382**
**Email:**
**jshumofsky@sillscummis.com**

September 3, 2026

**VIA ECF**
Honorable Magistrate Judge
United States District Court, D.N.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Re:** ***Nina Agdal v. Dillon* Danis, Case No. 2:23-cv-16873 (MCA) (MAH)**

Dear Magistrate Judge:

This firm, along with the firm of Neiman Mays Floch & Almeida PLLC, represents Plaintiff Nina Agdal ("Plaintiff") in the above-referenced matter. We write pursuant to the Court's August 18, 2026, text order (D.E. 135), which directed the parties to (i) meet and confer regarding deadlines for a new case management schedule and the prospect of settlement; (ii) submit a joint status letter by September 10, 2026; and (iii) attend a telephone status conference on September 14, 2026.[1] Because Defendant Dillon Danis ("Defendant") now is proceeding pro se (*see* D.E. 133), and likely due to his history of noncompliance with prior discovery orders and his failures to appear at certain hearings, the Court emphasized that Defendant "must participate with Plaintiff's counsel in the meet-and-confer and appear for the September 14th conference." The Court further advised that: "If Plaintiff's counsel encounters any difficulties in communicating with Defendant, or Defendant is unresponsive, Plaintiff's counsel shall so notify the Court by September 3, 2026."

[1] The Court entered the August 18, 2026 text order in response to Plaintiff's August 17, 2026 letter requesting entry of an Amended Scheduling Order with proposed deadlines for dispositive motions and *Daubert*/Rule 702 motions. (D.E. 134).

Despite multiple efforts to confer with Defendant since August 18, as detailed below, Defendant actively has avoided communicating with Plaintiff's counsel and continues to frustrate efforts to advance this case forward:

- **August 19, 2026 –** Plaintiff's counsel emailed Defendant, attaching a copy of the Court's August 18, 2026, text order (D.E. 135) and Plaintiff's prior letter to the Court proposing a new case management schedule (D.E. 134), and requesting Defendant's availability for a call to confer on the court-ordered issues. Attached hereto as ***Exhibit A*** is Plaintiff's counsel's August 19, 2026 email.
- **August 19, 2026** – Defendant replied to Plaintiff's counsel, stating he had a "new lawyer" but did not know "how to or who to contact." Attached hereto as ***Exhibit B*** is Defendant's August 19, 2026 email.
- **August 20, 2026** – Plaintiff's counsel replied to Defendant, requesting contact information for Defendant's new lawyer and asking Defendant to have his new lawyer contact Plaintiff's counsel to discuss the Court's August 18 text order. Attached hereto as ***Exhibit C*** is Plaintiff's counsel's August 20, 2026 email.
- **August 25, 2026** – Having received no response, Plaintiff's counsel sent a follow-up email to Defendant, again emphasizing the need to communicate with Defendant's new lawyer regarding the court-ordered issues. Attached hereto as ***Exhibit D*** is Plaintiff's counsel's August 25, 2026 email.
- **August 28, 2026** – Still having received no response, Plaintiff's counsel emailed Defendant yet again to follow up. Attached hereto as ***Exhibit E*** is Plaintiff's counsel's August 28, 2026 email.
- **August 30, 2026** – Again, after receiving no response from Defendant, Plaintiff's counsel emailed Defendant, once more asking for contact information for Defendant's new attorney and requesting an immediate response. Attached hereto as ***Exhibit F*** is Plaintiff's counsel's August 30, 2026 email.
- **September 1, 2026** – Plaintiff's counsel telephoned Defendant. Defendant answered and confirmed his identity but, upon learning Plaintiff's counsel was on the line, immediately hung up. Plaintiff's counsel called back but Defendant did not answer. Plaintiff's counsel then sent Defendant a text message, which likewise went unanswered. Attached hereto as ***Exhibit G*** is Plaintiff's counsel's September 1, 2026 text message.

Plaintiff is eager to move this case forward. However, despite clear notice of the Court's August 18, 2026, order requiring Defendant to confer with Plaintiff's counsel, Defendant deliberately has refused to do so. Accordingly, we respectfully request the Court's guidance on how to proceed and further ask that the Court consider appropriate sanctions against Defendant, including striking Defendant's answer.

We thank the Court for its attention to this matter.

Respectfully submitted,

**SILLS CUMMIS & GROSS, P.C.**

/s/ Joseph B. Shumofsky
Joseph B. Shumofsky, Esq.

**NEIMAN MAYS FLOCH & ALMEIDA, PLLC**

/s/ Jeffrey A. Neiman
Jeffrey A. Neiman, Esq.
Jason L. Mays, Esq.

*Counsel for Plaintiff*

Atts.
cc: Defendant, Dillon Danis (*via regular mail and email*)