**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NINA AGDAL,<br><br>Plaintiff,<br><br>v.<br><br>DILLON DANIS,<br><br>Defendant. | Case No. 23-cv-16873 (MCA) (ADS)<br><br>**ORDER FOR SANCTIONS** |

THIS MATTER having come before the Court *sua sponte* on this Court's September 21, 2026, Order to Show Cause, D.E. 139, directing *pro se* Defendant Dillon Danis to show cause in writing by October 1, 2026, why sanctions, including striking of Defendant Danis' Answer and entering default against him, should not issue pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2) for failure to respond to this Court's Orders;

and the Court having expressly ordered Defendant Danis to appear in person before the undersigned for a Show Cause Hearing on October 2, 2026, at 9:30 a.m.;

and Defendant Danis having failed to show cause in writing or respond to the Order whatsoever, and having failed to appear at the October 2, 2026, Show Cause Hearing;

and the Court having afforded Defendant Danis numerous opportunities to defend his case and having repeatedly warned him of the consequences of continued noncompliance,[1] *Chanel, Inc.*

[1] *See* D.E. 54 ("Defendant must produce ALL outstanding discovery responses by May 10, 2024. The Court will not further extend this deadline, and the Court respectfully asks that Defense counsel specifically instruct Defendant that failure to comply with the foregoing may result in the issuance of an Order to Show Cause as to why sanctions should not be imposed pursuant to Federal Rules of Civil Procedure 16(f) and 37."), D.E. 57 (order to show cause why the Court should not impose sanctions against Defendant Danis for failure to produce discovery responses); D.E. 75 (order to show cause "as to why the Court should not impose sanctions against [Mr. Danis]" for failure to file status report and declaration),

*v. Craddock*, No. 05-01593, 2006 WL 469952, at *5 (D.N.J. Feb. 27, 2006) (entering default against *pro se* defendant who "failed to comply with the Court's Order" to attend settlement conference and had "fair notice" that "failure to appear [would] result in sanctions," and "never offered any explanation for his absence");

and the Court therefore deeming it appropriate to consider whether to strike Defendant's answer and direct the Clerk to enter default, *National Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639, 643 (1976) (noting that although terminating sanctions are "extreme," striking of pleadings is warranted when necessary to address a party's "flagrant bad faith" and "callous disregard" of discovery obligations); *Chanel, Inc. v. Craddock*, No. 05-01593, 2006 WL 469952, at *2 (D.N.J. Feb. 27, 2006) ("A district court may enter default as a sanction."); *see also Days Inn Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472 (D.N.J. 2008) (striking pleading and entering default where defendant failed to appear at multiple court-ordered conferences and was "repeatedly warned" by Court that continued dilatory conduct would result in sanctions);

and, "faced with issuing an order that would deprive a litigant of the right to proceed with or defend against a claim," *Chanel, Inc.*, 2006 WL 469952, at *2, the Court weighing the following six factors enumerated by Third Circuit:

> (1) the extent of a party's personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

---

D.E. 82 ("Due to Defendant Danis' failure to appear before this Court on October 1, 2024, the hearing will resume at 9:00 a.m. on October 2nd. Mr. Danis must appear for the conference in person, with no exceptions."), D.E. 117 (threat of sanctions "including striking Defendant's answer and/or imposing monetary sanctions, pursuant to Federal Rules of Civil Procedure 16(f) and 37").

*Poulis v. State Farm*, 747 F.2d 863 (3d Cir. 1984) (emphasis in original);[2]

and, as to the first factor, the Court finding that Defendant, who is now appearing *pro se*, is personally and solely responsible for his failure to attend conferences and hearings, meaningfully participate in discovery, and otherwise defend his case, *Ramada Worldwide Inc. v. NPR Hosp. Inc.,* No. 06-4966 (WHW), 2008 WL 163641 (D.N.J. Jan. 16, 2008) (striking pleading and entering default where plaintiff was "unable to engage in discovery or otherwise pursue its claims due to [d]efendants' failure to actively participate in the litigation" and record revealed "a history of noncompliance," including defendants' failure "to respond to their counsel," resulting in counsel's withdrawal);[3]

and, as to the second factor, the Court finding that Plaintiff has been prejudiced by Defendant Danis' non-compliance, leaving Plaintiff unable to further engage in discovery or pursue her claims, *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) ("[P]rejudicial harm entails the burden imposed by impeding a party's ability to effectively prepare a full and complete trial strategy"); *see also* D.E. 146, Oct. 2, 2026, Hrg. Tr. 4:5-13 (listing ways in which Plaintiff has been prejudiced, including through expending additional time, effort, and resources);

---

[2] No single *Poulis* factor is dispositive, nor must all six factors be satisfied for the Court to impose terminating sanctions. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("Instead, the decision must be made in the context of the district court's extended contact with the litigant"). In fact, "a *Poulis* analysis is unnecessary when a litigant's willful conduct prevents the case from going forward" and makes adjudication impossible. *Dover v. Diguglielmo*, 181 F. App'x 234, 238 (3d Cir. 2006). "Rules 16(f) and 37 similarly authorize a district court to sanction a recalcitrant party for failure to obey a scheduling . . . or pretrial order" or otherwise cooperate in discovery. *Aetna Inc. v. Open MRI & Imaging of RP Vestibular Diagnostics, P.A.,* No. 21-20043-CCC-ESK, 2024 WL 554272, at *5 (D.N.J. Jan. 4, 2024), *R & R adopted,* 2024 WL 943401 (D.N.J. Mar. 5, 2024). Moreover, "Rule 16(f) permits a district court to impose the sanction of default *sua sponte.*" ***Id.*** Nevertheless, here, the Court analyzes the *Poulis* factors in an abundance of caution and to ensure a complete record. *See Malia v. Amazon.com, Inc.*, No. 17-05155, 2019 WL 6498919, at *2 (D.N.J. Nov. 12, 2019) (applying the *Poulis* factors "out of an abundance of caution" even where defendant "willfully abandoned its defense to this action"), *R & R adopted*, 2019 WL 6493235 (D.N.J. Dec. 3, 2019).

[3] Defendant Danis has proceeded *pro se* since the Court granted the motion of his former counsel to withdraw because, among other problems, Defendant Danis "ha[d] become non-responsive to counsel's communications," D.E. 126 ¶¶ 9-13; D.E. 133; D.E. 135; D.E. 146, Oct. 2, 2026, Hrg. Tr. 4:5-13.

and, as to the third factor, the Court reiterating Defendant Danis' history of dilatoriness from the outset of this litigation,[4] *Poulis*, 747 F.2d at 868 (recounting a "pattern of dilatoriness" and distinguishing a case in which there was "only one failure to comply in a timely manner");

and, as to the fourth factor, the Court recognizing Defendant's demonstrated bad faith and willful conduct in shirking court-ordered obligations and repeatedly failing to appear for conferences and hearings without any explanation, *see, e.g.*, *Harrington v. All Am. Plazas, Inc.*, No. 08-3848, 2010 WL 2710573, at *3 (D.N.J. July 7, 2010) ("Courts find willfulness and bad faith where no reasonable excuse for the conduct in question exists."), *R & R adopted*, 2010 WL 2975764 (D.N.J. July 22, 2010);

and, as to the fifth factor, the Court finding that Defendant Danis' protracted "history of noncompliance suggests that [he] . . . has wholly abandoned the defense of this action," and therefore concluding that less onerous sanctions "would be futile" *Malia*, 2019 WL 6498919, at *3 (striking answer and entering default because "[n]othing short of this sanction can cure the prejudice caused by Defendant's conduct");

and as to the sixth factor, the court declining to address the meritoriousness of Defendant Danis' defense, beyond noting that his conduct has rendered adjudication of the issues in this matter impossible, *see Shipman*, 381 F.App'x at 164; [5]

---

[4] As early as September 2023, Mr. Danis' attempts to avoid service of process compelled the District Judge to hold a show-cause hearing to address Mr. Danis' conduct. D.E. 14, Sept. 19, 2023, Hrg. Tr. 4:5-22 (noting Mr. Danis attempted to "play games with the Court" by appearing to "purposely" avoid service).

[5] Courts often cannot analyze the fifth *Poulis* factor because of insufficient record evidence when terminating sanctions come under consideration. *See*, *e.g.*, *Ramada Worldwide Inc*, 2008 WL 163641, at *4; *Malia*, 2019 WL 6498919, at *3; *Wyndham Hotels & Resorts, LLC*, 2019 WL 13227089, at *4 ("With regard to the last *Poulis* factor, the Court does not need to analyze the facial merit of Defendants' defenses. The *Poulis* test is a balancing test, and thus not all of the factors need to weigh in favor of sanctions").

and counsel for Plaintiff having gone to great lengths to serve Defendant, meet and confer with him throughout discovery, serve him with prior orders,[6] and alert him of the Order to Show Cause and Show Cause Hearing;[7]

and the Court concluding and being satisfied that terminating sanctions are warranted based on the foregoing analysis of the *Poulis* factors and because Defendant's "willful conduct [has] prevent[ed] the case from going forward," *Dover*, 181 F. App'x at 238, leaving the Court without viable alternative recourse;

and for good cause shown,

**IT IS, on this 22nd day of October, 2026,**

**ORDERED** that that Defendant's Answer be stricken; and it is further

**ORDERED** that the Clerk of Court shall enter default against Defendant; and it is further

**ORDERED** that the Clerk of Court shall mail this Order to Defendant at his address of record. Counsel for Plaintiff shall transmit this Order to Defendant's last-known email address and to his last-known home address by certified mail.

***s/ Alex D. Silagi***
Hon. Alex D. Silagi
United States Magistrate Judge

---

[6] D.E. 146, Oct. 2, 2026, Hrg. Tr. 9:2-6 ("[Plaintiff's counsel] tried mailing, email, and text. The only time that showed Mr. Danis was actually monitoring something, was the email response that we got on August 19th, demonstrating that that is his email address and he seemed to understand what's going on."). In reply to the August 19, 2026, email from Plaintiff's counsel, Defendant Danis wrote simply "i have a new lawyer i just don't know how to or who to contact [sic]." D.E. 143-4. Although this was his last communication, "it indicates he monitors that email address." D.E. 146, Oct. 2, 2026, Hrg. Tr. 7:16-17. Plaintiff's counsel sought clarification of the name and contact information of Defendant Danis' purported new counsel and requested the Court's guidance, D.E. 136. To that end, the Court wrote: "Mr. Danis must appear for the September 14 conference. If Mr. Danis has retained new counsel, any such new counsel must file their appearance prior to September 14. Failure of Mr. Danis to appear at the September 14 may result in the issuance of sanctions, dismissal of the matter for failure to prosecute it, or the striking of defenses for failure to comply with Court orders." D.E. 137.

[7] *See* D.E.143, Exs. O-T (demonstrating seven separate attempts to contact Defendant between September 22, 2026, and October 1, 2026, to notify him of the show cause order and hearing via text, email, and FedEx).